## Appeal of HOWARD J. SIMONS.                    Docket No. 24.

1. Worthless debts arising from unpaid rents and similar items of taxable income are not properly deductible as bad debts unless the income such items represent has been treated as income and included in the return of income for the year in which the deduction as a bad debt is sought to be made or in a previous year.

2. Under the circumstances of this case the losses arising by theft of articles during the absence of taxpayer in Europe were sustained in the taxable year 1921.

3. The evidence does not establish the fact of a loss arising from theft of articles in 1922, after the return of the taxpayer from Europe.

Submitted November 4, 1924; decided January 16, 1925.

*Mr. Howard J. Simons*, the taxpayer, *pro se.*

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

FINDINGS OF FACT.

1. Howard J. Simons, an individual taxpayer, resides in Washington, D. C. In the spring of 1921, the employment of the taxpayer required his removal to Paris, France. His stay there was of uncertain duration and while there he rented an apartment for himself and his family. At the time of his departure he had under lease in the city of Washington a house which was occupied as a residence by himself and his family. To offset the extra expense of maintaining two establishments, he sublet his Washington residence and left the management thereof to an agent in Washington. Due to a hurried departure, the taxpayer was unable to effect a change from his own name to that of his subtenant in his contracts for gas, electricity, and telephone.

2. The taxpayer left for France on June 4, 1921, and returned to reside in Washington in October of the same year. During that period two different subtenants had occupied his residence in Washington. The first remained during the month of June, 1921. The second entered on July 1, 1921, and was ejected soon after taxpayer's return.

3. On his return to Washington the taxpayer found that his subtenants were in arrears of rent, for house and furnishings, to the extent of $200. Likewise, the subtenants had left unpaid gas, electric, and telephone bills in the amount of $62.46. Since these obligations were primarily those of the taxpayer under his contracts, he discharged them as he was obliged to do. With the exception of a minor item, this was done in 1921. The taxpayer made repeated effort to collect the foregoing amounts from his subtenants during 1921 and a portion of 1922, but without success as the subtenants were insolvent.

4. At the time of his departure for France, the taxpayer had stored a considerable portion of his furniture in his residence in Washington, pending his return. Upon resuming possession of his premises in October, 1921, he discovered many of these articles were missing. The missing articles were lost by theft. The extent of this loss was $146. The taxpayer was unable to recover any of these losses.

5. The taxpayer claims an estimated amount of $130 as a loss by theft in the calendar year 1922, due to minor pilfering by a domestic servant in his household. This alleged loss occurred after taxpayer's return from Europe and after he had resumed possession of his residence. The evidence does not warrant a finding that this item was a loss by theft.

6. The taxpayer kept his accounts on a cash receipts and disbursements basis. In his income-tax returns for the calendar year 1922, the taxpayer deducted from gross income, as losses, the sum of all

the foregoing items—$538. The amount claimed as a deduction from income as a bad debt for loss of rent was not reported as income by the taxpayer in any year. On audit the Commissioner disallowed this deduction and restored this amount to income and determined that a deficiency in tax existed for the year 1922. He notified the taxpayer of his determination and of the deficiency in tax by registered letter dated July 29, 1924. On September 24, 1924, the taxpayer initiated this appeal by filing a petition with the Board.

DECISION.

The determination by the Commissioner is approved.

OPINION.

KORNER: The taxpayer contends that he is entitled to take as deductions from gross income on his personal return for the year 1922 certain items as follows: (a) A bad debt arising from loss of rents sustained by reason of his subletting his residence occasioned by his being required to make his residence in another city; (b) a bad debt arising from failure of his subtenants to pay gas, electric, and telephone bills during the period of their occupancy of the taxpayer's residence as subtenants, which bills taxpayer was obliged to pay; (c) losses arising from theft during taxpayer's absence in Europe, and (d) losses arising from theft of personal and household articles after taxpayer had resumed possession of his former residence.

We have held in the *Appeal of Charles A. Collin*, 1 B. T. A. 305, that a taxpayer who keeps his accounts on a cash receipts and disbursements basis may not deduct from gross income, as for a bad debt, an item of accrued interest which he had not at any time previously treated or reported as taxable income. There is no difference in principle between the interest item therein considered and the item of unpaid rents under consideration here. The reasoning set forth in the *Appeal of Charles A. Collin*, *supra*, is equally applicable here.

The liability of the taxpayer for the rent on his residence is a primary obligation. Such rent, when paid by him, is a personal expense and is not deductible from gross income. If he sublets his residence, the rent received by him constitutes income. If he accrues this rent and reports it as income and subsequently the rent is not collectible, he may properly take a deduction as for a bad debt. If he neither reports such rent as income nor collects it, then there is no justification for a deduction, because to allow a deduction under such circumstances would be, in effect, to permit him to deduct his own rent paid by him for his residence, which, as we have observed, is a personal expense and is not deductible.

What has been said above is equally applicable to the unpaid bills for gas, electricity, and telephone. The obligation on the part of his subtenant to pay these bills was in the nature of rentals due to the taxpayer from his subtenant. The same rule applicable to the rentals, referred to in the preceding paragraph, applies here.

When the taxpayer returned from France he discovered that certain of his personal and household effects, which had been stored in

his residence during his absence, were missing. The circumstances surrounding their loss justify the conclusion that this loss was due to theft.

The Revenue Act of 1921, section 214 (a) (6), provides, in part:

Sec. 214(a). That in computing net income there shall be allowed as deductions:

\*      \*      \*      \*      \*      \*      \*

(6) Losses sustained during the taxable year of property not connected with the trade or business \* \* \* if arising from \* \* \* theft, and if not compensated for by insurance or otherwise. Losses allowed under paragraph \* \* \* (6) of this subdivision shall be deductible as of the taxable year in which sustained unless, in order to clearly reflect the income, the loss should, in the opinion of the Commissioner, be accounted for as of a different period \* \* \*.

We are of opinion that this loss by theft was sustained in the year 1921 and the opinion of the Commissioner that the income of the taxpayer is clearly reflected by accounting for this loss in that year, is approved. This loss is not properly deductible in the year 1922.

The only evidence in the record bearing on the last item of loss is the testimony of the taxpayer, as follows:

There were also further losses to the taxpayer during the calendar year 1922 by what was considered minor pilfering on the part of the maid employed in the taxpayer's house, although no sufficient information could be obtained to justify the actual accusing of the individual. The taxpayer estimated that $130 represented about one-half of the approximate total value to him of these missing articles and considered this a fair and just amount to list as a deduction to his income. No legal action was sought by the taxpayer in connection with any of these losses inasmuch as the man was in jail and the woman penniless. Realization on the debt was apparently impossible. It would also have been impossible to definitely place the responsibility of theft to any one individual.

We are of opinion that this evidence does not prove the allegation that this was a loss arising from theft and the deduction is therefore disallowed.