SCOTT AND ASSOCIATES, LTD., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scott & Associates, Ltd. v. Commissioner
Docket No. 662-79.
United States Tax Court
T.C. Memo 1982-24; 1982 Tax Ct. Memo LEXIS 726; 43 T.C.M. (CCH) 314; T.C.M. (RIA) 82024; January 13, 1982. Glendale O. Scott, for the petitioner. Cynthia M. Odle-Schlechty, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the fiscal year ended February 28, 1975 in the amount of $ 1,356.51 and additions to the tax in the amounts of $ 339.12 under section 6651(a) and *727 $ 67.83 under section 6653(a). [1] The statutory notice of deficiency, dated October 16, 1978, made adjustments to numerous deductions claimed for fiscal years ended February 28, 1974 and February 28, 1975. The adjustments for the year ended February 28, 1974 reduced the amount of a net operating loss carry-forward to the year ended February 28, 1975. Concessions having been made by petitioner, the only issues remaining for decision are whether certain expenditures for rent, transportation, and materials and supplies are ordinary and necessary business expenses of petitioner corporation deductible under section 162 or nondeductible personal expenses of Glendale O. Scott and his wife Geraldine M. Scott. FINDINGS OF FACT Many of the facts have been stipulated and are so found. The Stipulation of Facts, Supplemental Stipulation of Facts No. 1, Supplemental Stipulation of Facts No. 2, and exhibits attached thereto are incorporated herein by this reference. Petitioner is a corporation organized under the Business *728 Corporation Act of the District of Columbia. At the time the petition was filed in this case, petitioner's address was Suite 507, 1028 Connecticut Avenue, N.W., ("the LaSalle Building"), Washington, D.C. The corporate income tax returns for fiscal years ended February 28, 1974 and February 28, 1975 were filed with the District Director, Internal Revenue Service, Philadelphia, Pennsylvania. Petitioner was incorporated in March 1973 and waws engaged in the business of preparing Federal tax returns and rendering business, financial, management, and tax advice to its clientele of business and professional people. At all times pertinent to this case, petitioner's office was located in either Suite 909 or 507 of the LaSalle Building, the move to Suite 507 occurring in January of 1974. Petitioner advertised its services in the Yellow Pages of the Washington, D.C. Telephone Directory and listed its hours as 10:00 a.m. to 10:00 p.m. "By Appointment Only." Glendale O. Scott, an attorney and consultant, was not an officer, director, or employee of petitioner. Rather, he was an employee of Scott & Scott Consultants, which shared the office space in Suite 909 or 507 of the LaSalle Building *729 with petitioner. Petitioner hired Scott & Scott Consultants, and hence Mr. Scott, as an independent contractor, to perform certain tax and consulting services for the corporation. Geraldine M. Scott, a tax consultant and tax accountant, was an officer and employee of petitioner. Mr. and Mrs. Scott lived in an apartment at 1725 17th Street, N.W., but at some point, possibly before petitioner was incorporated, Mr. Scott began sleeping on a small cot in a file room in the office at the LaSalle Building. Because of his physical condition, Mr. Scott was unable to continue to travel back and forth from the office in the LaSalle Building to the apartment on 17th Street. Mr. and Mrs. Scott requested the management of the LaSalle Building to give them the first available apartment there. In the meantime, Mrs. Scott continued to live in the apartment and travel alone between the office and the apartment, and Mr. Scott, whose doctor had forbidden him to do any walking, lived and worked at the office in the LaSalle Building. About the last of May or first of June in 1974, an apartment became available in the LaSalle Building, Suite 511, which abutted on the back of Suite 507. Mr. and *730 Mrs. Scott gave up their apartment on 17th Street and moved into Suite 511. They had a door cut through the library of Suite 507 into the bedroom of Suite 511 so that Mr. Scott did not have to walk around and down the corridor to Suite 507 but could simply go from his bedroom into the office suite. It is the rent on Suite 511 for the fiscal year ended February 28, 1975 that is in dispute in this case. [2] The rent on Suite 507 was apparently allowed as a corporate business expense and is not in issue. *731 Mrs. Scott was the administrative vice president of petitioner corporation. For the fiscal year ended February 28, 1974, a Mr. Wallis was listed as secretary of the corporation and was paid a salary of $ 460. Other than Mr. Wallis and Mrs. Scott, the corporation had no employees. Mrs. Scott regularly purchased newspapers and flowers. Seven days a week she purchased the Washington Post, the Washington Star, and the New York Times; and during the work-week she purchased the Wall Street Journal. The papers were purchased for cash from a street vendor in front of Sholls Cafeteria, which was located on the street level of the LaSalle Building, or from coin-operated machines. Mr. and Mrs. Scott regularly read these newspapers and made these papers available in the office of petitioner corporation for any visitor or client who came to that office. Mrs. Scott also regularly purchased flowers for the office, buying them from street vendors for cash. Mrs. Scott also spent certain amounts of cash for taxis, for trips to the Internal Revenue Service Office at 1201 E Street, N.W., to the Riggs National Bank branch at DuPont Circle, and to other locations. Mrs. Scott obtained no receipts *732 for the newspapers, flowers, or taxi rides, and she did not prepare any contemporaneous records of such expenditures. Mrs. Scott, who had been preparing tax returns and serving as a tax consultant for 32 years, was aware of a taxpayer's duty to keep proper records of business expenses. The records of petitioner corporation reflected these expenses for newspapers, flowers, and taxi rides only in the form of combined entries of estimated periodic expenditures of $ 5.00 per week for flowers, $ 3.00 per week for taxis, and $ 3.00 per week for newspapers. Mr. Scott, who had also prepared tax returns and given tax advice for at least 31 years, kept the corporation's books and made these entries. On its corporate returns, petitioner deducted: $ 260 for transportation and $ 416 for materials and supplies (flowers and newspapers) for the fiscal year ended February 28, 1974; and $ 341.84 for materials and supplies (flowers and newspapers) for the fiscal year ended February 28, 1975. The amount now claimed by petitioner for the fiscal year ended February 28, 1975 for flowers and newspapers in $ 421. The amounts so deducted and claimed were estimates. [3] Respondent disallowed the deductions *733 on the ground that they were not ordinary and necessary business expenses of petitioner corporation and that they had not been substantiated. OPINION Deductions are a matter of legislative grace, and a taxpayer has the burden of establishing that it is entitled to any deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Section 162(a) allows a deduction for ordinary and necessary business expenses, but the taxpayer must prove that the expenditures were ordinary and necessary expenses of its business. On brief, petitioner argues that Suite 511 was rented to permit Mrs. Scott to be available at the office on a 24-hour basis. There is simply no evidence that Mrs. Scott was on call on a 24-hour basis. The evidence of record shows that the apartment in Suite 511 was rented because of Mr. Scott's physical condition *734 and for no other reason. The $ 1,162.50 rent paid for Suite 511 where Mr. and Mrs. Scott lived was not a business expense of the corporation, but was a personal nondeductible expense of Mr. and Mrs. Scott. Secs. 1.262-1(a) and 1(b)(3), Income Tax Regs; Simons v. Commissioner, 1 B.T.A. 351, 353 (1925). Respondent's disallowance of this item is sustained. In regard to the expenses for newspapers, flowers, and taxi rides, there are problems of substantiation as well as deductibility. The newspapers would appear to be personal expenses of Mr. and Mrs. Scott, rather than ordinary and necessary business expenses of petitioner corporation, particularly since Mr. Scott was not an officer, director, or employee of the corporation. The fact that the papers were left at the office for any visitor or client to read would not convert these purely personal expenditures into business expenses of the corporation. The flowers were apparently purchased for the office rather than for the Scotts' apartment, and perhaps could be treated like office furnishings and deducted, if properly substantiated. However, this expenditure, like that for newspapers, has more of a flavor of *735 personal expense than of corporate business expense. Also the Court rather doubts that Mrs. Scott made these cash purchases in her capacity as an officer or employee of the corporation, because she did not make any record of the purchases and she was well aware of a taxpayer's duty to maintain records of any business expenses. The expenses for newspapers and flowers are disallowed for lack of proper substantiation. On the other hand, the taxi expenses, if incurred for business trips to the Internal Revenue Service, to the bank, or to other business destinations, would be deductible corporate business expense, if adequately substantiated. Since the travel occurred during the year ending February 28, 1974, at a time when Mrs. Scott was still residing at the apartment on 17th Street, respondent surmises that some of the travel may have been nondeductible commuting expense between the office and the apartment. The Court agrees with respondent that the corporate records are woefully inadequate and fail to substantiate the transportation deduction claimed on the corporate returns. However, based upon the testimony of Mrs. Scott, whom the Court found to be a forth-right and credible *736 witness, the Court is satisfied that at least some portion of the transportation item is properly deductible as corporate business expense. [4] Using our best judgment, but bearing heavily against petitioner whose inexactitude is of its own making, we find that petitioner is entitled to deduct an additional $ 156 for transportation for the fiscal year ended February 28, 1974. Cohan v. Commissioner, 39 F. 2d 540 (2d Cir. 1930). To reflect the concessions and the above holdings, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years here involved, unless otherwise indicated.↩
2. In the explanation of adjustments in the deficiency notice, there was a reference to a rent expense of $ 3,827.50 for the fiscal year ended February 28, 1974. However, the parties have stipulated that this was an error in the explanation of adjustments, that that amount was not included in the computation of the deficiency, and that any rent expense in the amount of $ 3,827.50 is not in issue for the fiscal year ended February 28, 1974. The record does not show whether there was any expenditure of $ 3,827.50 for rent for the fiscal year ended February 28, 1974, or, if so, for which premises any such expenditure may have been made. On brief, petitioner makes the argument that it paid the rent on the apartment on 17th Street, that respondent did not disallow it, and that therefore respondent should be estopped to disallow the deduction for the $ 1,162.50 rent for Suite 511 for the fiscal year ended February 28, 1975. The record does not establish that petitioner paid the rent for the 17th Street apartment. Nor would such a payment be properly deductible by the corporation if it had made it. Thus, there is no factual predicate for petitioner's rather astonishing estoppel argument.↩
3. Petitioner agrees that the amounts deducted were estimates but argues on brief that the actual amounts spent were greater than these estimates. There is nothing in the record to support that argument.↩
4. Petitioner has stipulated that the additions for late filing under section 6651(a) and for negligence under section 6653(a) are properly applicable to the deficiency ultimately found. However, the fact that etitioner is subject to the negligence addition does not derogate from the Court's right to apply the Cohan↩ rule and make some reasonable estimate if it is satisfied that some deduction is allowable.