DAN LEE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lee v. Commissioner
Docket No. 12826-83.
United States Tax Court
T.C. Memo 1984-284; 1984 Tax Ct. Memo LEXIS 392; 48 T.C.M. (CCH) 208; T.C.M. (RIA) 84284; May 29, 1984. Dan Lee, pro se. Rosa Berman, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to section 7456(d)(3), Internal Revenue Code of 1954, as amended, [1] and General Order No. 8, 81 T.C. XXIII (1983). Respondent determined deficiencies in federal income tax for the year 1979 in the amount of $436 and an addition to tax under section 6653(a) in the amount of $22. The deficiency is based upon the disallowance of a deduction in the amount of $25,000 claimed by petitioner. Petitioner, who resided at Long Beach, California at the time of *393 filing his petition herein, contends that the $25,000 deduction was a loss from salary owed to him but unpaid by a corporation which he controlled. Petitioner testified that he acquired a corporation named Intronic Products Corporation (hereafter Intronics) sometime in 1977. It was not clear whether he acquired the stock or the assets of Intronics. Additionally, it was not clear whether his acquisition was by purchase or otherwise. He testified that the corporation had, at various times, sold merchandise by direct mail, produced electronic distress beacons and attempted to set up a recreational vehicle camping site in Arizona. Intronics did not file tax returns for any year after petitioner acquired it because it had no income. Petitioner's uncorroborated testimony was that Intronics agreed that he was to receive $25,000 per year for the services he performed for it. Intronics has never paid petitioner this or any other sum. Petitioner has never reported as income any sum from Intronics. It is apparently the $25,000 which petitioner states Intronics owes him that petitioner deducted on his 1979 return. He also took the same deduction on his 1977 and 1978 returns and it *394 was disallowed by respondent. We agree that it was correct for respondent to disallow the deduction in 1979. As a preliminary matter, we first consider petitioner's complaint that the Internal Revenue Service failed to accord him the opportunity to meet with an agent and to appeal its agent's determination through its administrative appeals procedure. We have held that the failure of the respondent to provide a hearing prior to the issuance of a notice of deficiency does not render the deficiency notice invalid. Cataldo v. Commissioner,60 T.C. 522 (1973), affd. per curiam 499 F.2d 550 (2d Cir. 1974). This is so even where the respondent's procedural rules require such a hearing. Luhring v. Glotzbach,304 F.2d 560 (4th Cir. 1962); Rosenberg v. Commissioner,450 F. 2d 529 (10th Cir. 1971), affg. a Memorandum Opinion of this Court. We considered a similar situation in Boyer v. Commissioner,69 T.C. 521 (1977), where the taxpayer was not given an opportunity to a conference with the Internal Revenue Service prior to the issuance of a statutory notive of deficiency and stated (at 544): Although *395 we sympathize with petitioner's expressions of frustrations arising from this chain of events, this Court does not look behind the deficiency notice to examine the Commissioner's motives of procedures in asserting the deficiency. Crowther v. Commissioner,28 T.C. 1293, 1301 (1957), affd. on this issue 269 F.2d 292 (9th Cir. 1959). So too here. We now consider petitioner's argument that he was owed a salary of $25,000 by Intronics, that the obligation was a bad debt and that he was therefore entitled to a deduction in the amount of $25,000. First, we note that petitioner failed to prove that he was in fact owed such a salary.However, even assuming arguendo that he was owed such an amount and also assuming arguendo that it was not collectable, it does not follow that he is entitled to a deduction as a bad debt. We dealt with an argument almost identical to petitioner's in Gertz v. Commissioner,64 T.C. 598 (1975), where the petitioner sought a bad debt deduction for unpaid wages. In Gertz we stated (at 600): We do not find it necessary to our determination of this issue to reach a finding concerning the validity of petitioner's *396 debt; for assuming, without deciding, the bona fide character of the debt, it has long been settled that a taxpayer is not entitled to a bad debt deduction under section 166 for the value of unpaid wages or other income items if such an item has never been reported as income. Charles A. Collin,1 B.T.A. 305, 309 (1925); Howard J. Simons,1 B.T.A. 351, 353 (1925); J. Noble Hayes,7 B.T.A. 936, 944 (1927); Bush Terminal Buildings Co.,7 T.C. 793, 812 (1946). It follows that since the $8,317 of unpaid wages was never reported as income, petitioner is not entitled to a bad debt deduction under section 166. Additionally, we note that Income Tax Regs., section 1.166-1 (e), similarly proscribes the deduction.That section provides: (e) Prior inclusion in income required. Worthless debts arising from unpaid wages, salaries, fees, rents, and similar items of taxable income shall not be allowed as a deduction under section 166 unless the income such items represent has been included in the return of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year. Petitioner is not *397 entitled to a deduction for his asserted unpaid salary and respondent's determination of tax deficiency is upheld. As to the addition to tax asserted pursuant to section 6653(a), petitioner bears the burden of proving that respondent's determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933). Since petitioner has that burden of proof and he has failed to overcome it, our decision is for the respondent as to liability for the addition to tax under section 6653(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Reveune Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩