ALEXANDER D. CARDOSI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cardosi v. Commissioner
Docket No. 26111-93
United States Tax Court
T.C. Memo 1995-147; 1995 Tax Ct. Memo LEXIS 142; 69 T.C.M. (CCH) 2311; April 4, 1995, Filed *142 Decision will be entered for respondent. Alexander D. Cardosi, pro se. For respondent: Barbara E. Horan. DEAN
DEAN
MEMORANDUM OPINION DEAN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $ 1,793. The sole issue for decision is whether petitioner is entitled to various Schedule C deductions claimed with respect to his "roofing" and "consulting" businesses. [2]
*143 Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Parker, Colorado, at the time he filed his petition. Respondent's determinations in this matter are presumed correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Background
On a Schedule C attached to his 1991 Federal income tax return petitioner reported gross receipts in the amount of $ 2,432.25 from a "roofing" business. On this Schedule C, petitioner claimed deductions for: (1) Bad debts from sales or services in the amount of $ 2,150.57; [3] *144 (2) commissions and fees in the amount of $ 270; (3) automobile insurance in the amount of $ 240; (4) repairs and maintenance in the amount of $ 247; and (5) in accordance with the standard mileage rate, vehicle expense in the amount of $ 2,328.15. Respondent disallowed each of these deductions for lack of substantiation, and determined that, pursuant to sections 1401 and 1402, respondent was liable for self-employment tax in the amount of $ 344. [4]
On a separate Schedule C, petitioner represented that he was also engaged in the business of "consulting" during 1991. On this second Schedule C, petitioner reported no gross receipts, but did claim a deduction for bad debts in the amount of $ 4,589.71. [5] Respondent disallowed this deduction for lack of substantiation. A. Schedule C - Roofing
1. Bad Debt Deduction
Petitioner argued for the first time at trial that the $ 2,150.57 claimed *145 as a bad debt deduction on his Roofing Schedule C was "mislabeled" and, instead, should have been identified as unreimbursed vehicle expense. [6] Petitioner testified that he performed services for a business identified as "One Way Services" and, incident to this work, drove a total of 7,820.25 miles during 1991. Petitioner concludes that based upon the applicable mileage rate in effect for 1991, i.e., 27.5 cents per business mile, [7] he should be entitled to a vehicle expense deduction in the amount of $ 2,150.57. *146 We found the testimony and records produced by petitioner in support of this professed "mislabeling" to be, at best, suspect. [8] Accordingly, we hold that petitioner has not met his burden of proof on this issue. We will therefore consider his initial characterization of the deduction as one for bad debts. [9]
*147 Section 166 provides that a deduction is allowed for any debt which becomes worthless within the taxable year. The taxpayer must demonstrate, however, the existence of a genuine debt. Andrew v. Commissioner, 54 T.C. 239, 244-245 (1970); Estate of Van Anda v. Commissioner, 12 T.C. 1158, 1162 (1949), affd. per curiam 192 F.2d 391 (2d Cir. 1951); sec. 1.166-1(c), Income Tax Regs. The debt must be valid and enforceable. See sec. 1.166-1(c), Income Tax Regs. Moreover, there must be a real expectation of repayment. Arrigoni v. Commissioner, 73 T.C. 792, 799 (1980); Andrew v. Commissioner, supra at 245. Furthermore, worthless debts arising from unpaid wages and salaries are permitted as a bad debt under section 166 only if the income such items represent has been reported as income on an income tax return, either in the year for which the deduction is claimed, or for a prior taxable year. Sec. 1.166-1(e), Income Tax Regs.
Petitioner failed to demonstrate he ever received or reported compensation for services that he performed *148 for Austrat Management during, or prior to, 1991. Furthermore, petitioner has produced no evidence that a debtor-creditor relationship existed between himself and Austrat Management at any time. Petitioner has not, therefore, demonstrated that he is entitled to a deduction in the amount of $ 2,150.57 with respect to his "roofing" business for the taxable year at issue. 2. Commissions and Fees
Petitioner testified that the $ 270 claimed as a Schedule C deduction for "commissions and fees" represents amounts he was required "to make good on" when a co-worker's check bounced. Petitioner neither presented evidence to substantiate this claim, nor demonstrated the basis upon which such a deduction would lie. Respondent's determination is therefore sustained. 3. Insurance Expense
Petitioner testified that the $ 240 claimed as an insurance deduction represents his share of payments made on an automobile insurance policy held jointly with his mother. There is no evidence in the record, however, to demonstrate how this relates to petitioner's "roofing" business. Accordingly, we find that these expenditures were personal to petitioner and, pursuant to section 262, not deductible. *149 4. Repairs/Maintenance
Petitioner testified that the Schedule C deduction for "repairs and maintenance" relates to the theft of a 32-foot ladder he owned during the year at issue. Other than his own self-serving testimony, however, petitioner produced no evidence that he owned a ladder of the type described, that its value was $ 247, or that it was stolen during the year at issue. Accordingly, petitioner has failed to meet his burden of proof on this issue, and respondent's determination will be sustained. 5. Vehicle Expense
Under the Schedule C category of "other expenses", petitioner claimed a standard mileage rate deduction in the amount of $ 2,328 for the business use of an automobile. To support this deduction, petitioner introduced at trial a "log" of the miles he drove during 1991. This "log" was of the same dubious nature as the one introduced with respect to petitioner's "mislabeling" of his bad debt deduction. Again, setting the question of authenticity aside, we hold that petitioner has failed to substantiate his deduction as required by section 274(d) and the regulations thereunder. B. Schedule C - Consulting
Petitioner argued for the first *150 time at trial that the $ 4,589.71 claimed as a bad debt deduction on his Consulting Schedule C had been "mislabeled". Petitioner claims that this amount should have been deducted as: (1) The $ 1,800.93 cost of two Commerce Clearing House, Inc. (CCH) products; (2) $ 1,253 paid to a third party for "management services"; and (3) a vehicle expense computed under the standard mileage rate in the amount of $ 1,535.78. [10]
At trial, petitioner produced an invoice to support his claim that he purchased two CCH[11] products during 1991. Addressed to petitioner personally, the invoice is dated November 8, 1991, and shows a total amount due of $ 1,800.93. Based on the record, however, we are unable to determine what use, if any, petitioner made of these volumes. Petitioner has not, therefore, demonstrated that he is entitled to a deduction for their purchase under section 162. Furthermore, petitioner may not claim *151 a deduction under section 212 as he has not demonstrated that the volumes were actually paid for during 1991. Petitioner failed to produce any credible evidence that he paid $ 1,253 for "management services" during 1991. [12]
To support his claim that he was entitled to a standard mileage deduction in the amount of $ 1,535.78, petitioner produced a "log" similar to that mentioned twice before. For the same reasons stated previously, we hold that this evidence *152 is insufficient for petitioner to meet his burden of proof on this issue. Finally, for reasons stated previously, we find petitioner's initial claim of a deduction for "Consulting" bad debts to also be without merit. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1991. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent determined self-employment tax owing in the amount of $ 334 after disallowing several deductions on petitioner's "roofing" Schedule C. Resolution of this issue is purely computational and will be reflected in the decision entered.↩
3. According to a supporting statement attached to petitioner's return, this amount represents "services rendered/loans made" to "Austrat Management" during 1991. The supporting statement indicates that the due date for these debts was December 31, 1991, and despite petitioner's efforts to collect, Austrat Management refused to pay thereon.↩
4. Pursuant to sec. 164(f)↩, respondent allowed petitioner a deduction for one-half of the self-employment tax determined by respondent, or $ 172.
5. According to a supporting statement attached to petitioner's return, this amount represents "services rendered/loans made" to "Austrat Management" during 1991. The supporting statement indicates that the due date for these debts was December 31, 1991, and, despite petitioner's efforts to collect, Austrat Management refused to pay thereon.↩
6. As a general principle, we will not consider issues that are raised for the first time at trial or on brief. Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997↩ (1975). We make an exception in this case, however, in favor of a complete discussion of all issues raised by the parties.
7. See Rev. Proc. 90-59, 1990-2 C.B. 644↩.
8. The only evidence petitioner produced to substantiate the 7,820.25 business miles he claims to have driven during 1991 is a "log" consisting of several pages torn from a loose leaf notebook. Other than a reference on the first page to "May", however, no specific dates are indicated for the various trips listed in this document. Furthermore, no business purpose is stated with respect to the miles purportedly driven. The question of authenticity aside, this is insufficient to satisfy petitioner's burden of proof under sec. 274(d) and the regulations thereunder.↩
9. We note that petitioner could be deemed to have abandoned a claim to such a deduction in light of his testimony at trial. Again, however, we address the issue for purposes of completeness.↩
10. We note the general rule regarding issues raised for the first time at trial, but see supra↩ note 6.
11. The products purchased were identified as "Standard Fed Tax Reports" and "State Tax Reports".↩
12. The only evidence produced by petitioner in support of this claim were receipts for 5 American Express money orders, totaling $ 1,250. Nowhere on these receipts, however, is petitioner identified as the purchaser, and there is no notation that would indicate the purpose for which they were bought.↩