BRETT K. AND ANN M. BENTLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bentley v. Commissioner
Docket No. 26112-93
United States Tax Court
T.C. Memo 1995-144; 1995 Tax Ct. Memo LEXIS 145; 69 T.C.M. (CCH) 2303; T.C.M. (RIA) 95144; April 4, 1995, Filed *145 Decision will be entered under Rule 155. Ann M. Bentley, pro se. For respondent: Barbara E. Horan. DEAN
DEAN
MEMORANDUM OPINION DEAN, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,181 in petitioners' 1991 Federal income tax. The issues for decision are: (1) Whether petitioners are entitled to an earned income credit under section 32, and (2) whether petitioners are entitled to a bad debt deduction in the amount of $ 2,939.27. Petitioners timely filed a joint Federal income tax return for the taxable year 1991. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Parker, Colorado, at the time *146 they filed their petition. References to petitioner in the singular are to Ann. M. Bentley. Respondent's determinations in this matter are presumed correct, and petitioners bear the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Background
Petitioners are the parents of Kristen Bentley. During the taxable year at issue, petitioner and Kristen resided with petitioner's mother, Renee Cardosi. [2] The parties have stipulated that it is Mrs. Cardosi, and not petitioners, who is entitled to claim Kristen as a dependent for 1991.
Petitioners claimed an earned income tax credit in the amount of $ 1,033 on their 1991 return, reflecting a basic credit in the amount of $ 760 and a health insurance credit in the amount of $ 273. Respondent argues that the *147 earned income tax credit should be disallowed to petitioners in whole, or in part, as: (1) The credit may properly belong to Renee Cardosi, and not petitioners, or (2) petitioners have not substantiated $ 497.30 of the health insurance premiums they claimed to have paid on behalf of Kristen for 1991. [3]
On Schedule C of their 1991 Federal income tax return, petitioners claimed a bad debt deduction in the amount of $ 2,939.27. A supporting statement attached to petitioners' return states that this deduction arose from automotive services performed by petitioner Brett Bentley for Austrat Management during 1991. Petitioners state that despite all attempts at collection, Mr. Bentley was not paid for his work, payment for which was due December 31, 1991. Respondent disallowed the deduction for this purported debt based on a lack of substantiation and for failure *148 to meet the requirements of section 1.166-1(e), Income Tax Regs.
Earned Income Tax Credit
Section 32(a) provides for an earned income credit in the case of an "eligible individual" . In pertinent part, section 32(c) (1)(A) defines an "eligible individual" as an individual who has a "qualifying child" for the taxable year. A "qualifying child" is an individual who satisfies a relationship test, a residency test, and an age test, and for whom the taxpayer satisfies an identification requirement. Sec. 32(c)(3)(A). Respondent concedes that Kristen is a qualifying child with respect to both petitioner and petitioner's mother, Renee Cardosi. Where two or more individuals qualify as eligible individuals with respect to the same qualifying child, only the individual with the highest adjusted gross income for the taxable year will be treated as an "eligible individual" for purposes of section 32. Therefore, we leave it for the Rule 155 computation in this case and the related case of Cardosi v. Commissioner, T.C. Memo. 1995-145, to determine whether it is petitioners [4] or Mrs. Cardosi who has the highest adjusted gross income for 1991 and, consequently, *149 who is the "eligible individual" with respect to Kristen. [5]
Petitioners have failed to produce any evidence that would substantiate the payment of health care premiums on behalf of Kristen during 1991 in an amount other than that stipulated to by respondent. See supra note 3. Therefore, provided petitioners otherwise qualify for the earned income credit, the amount which they may claim for the additional health insurance credit will be limited to this stipulated amount. Bad Debt Deduction
At trial, petitioners argued for the first time *150 that they had "mislabeled" the $ 2,939.27 claimed as a bad debt deduction on their 1991 return, and that we should instead treat the deduction as one for the worthlessness of a partnership interest. [6] Petitioners did not explain how such a treatment could be reconciled with the supporting statement attached to their return. As a general principle, we will not consider issues that are raised for the first time at trial or on brief. Foil v. Commissioner, 92 T.C. 376, 418 (1989), *151 affd. 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975). In any event, we find no basis in the record for accepting petitioners' recharacterization. To demonstrate the existence of a partnership interest for which they could claim a deduction for worthlessness, petitioners introduced into evidence a memorandum agreement between themselves and Internal Revenue Service agent Tom Roginski, dated February 20, 1992. The memorandum sets forth petitioners' agreement to treat a partnership loss distribution "originating from" the "Magenta Minerals Exploration and Development Partnership" as a passive activity loss, rather than a net operating loss. Even if we were to accept that petitioners held an interest in the Magenta Minerals Exploration and Development Partnership, it is impossible to tell from the record what that interest was or when the interest became worthless. Although this court has previously allowed a deduction under section 165 for the worthlessness of a partnership interest, such a loss must be evidenced by closed and completed transactions, fixed by identifiable events, which show *152 the year in which such loss was sustained. See Tejon Ranch Co. v. Commissioner, T.C. Memo. 1985-207 ; sec. 1.165-1(b), (d), Income Tax Regs. Petitioners have not met their burden of proof on this issue. Accordingly, we will consider their initial characterization of the deduction as resulting from unpaid compensation owed by Austrat Management. [7]
Section 166 provides that a deduction is allowed for any debt which becomes worthless within the taxable year. Worthless debts arising from unpaid wages and salaries are permitted as a bad debt under section 166 only if the income such items represent has been reported as income on an income tax return, either in the year for which the deduction is claimed, or for a prior taxable year. Sec. 1.166-1(e), Income Tax Regs.
Petitioners contend that they *153 are entitled to a bad debt deduction for the unpaid compensation owed to Mr. Bentley by Austrat Management. Petitioners failed, however, to demonstrate that such compensation was ever reported for Federal income tax purposes. Having so found, the question of whether such a debt existed, or whether it was worthless, is moot. Gertz v. Commissioner, 64 T.C. 598, 600 (1975). Respondent's determination of the deficiency is sustained. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for 1991. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See the related case of Cardosi v. Commissioner, T.C. Memo. 1995-145↩. It is not clear whether petitioner Brett Bentley also resided with Mrs. Cardosi during 1991.
3. Respondent has stipulated that petitioners have substantiated $ 252.70 of the $ 750.00 in premiums they claimed to have paid on behalf of Kristen for 1991.↩
4. Respondent does not argue that this calculation should be made on a basis other than the adjusted gross income reported on petitioners' joint income tax return. See H. Conf. Rept. 101-964, at 1038 (1990), 1991-2 C.B. 560↩.
5. Once petitioners or Mrs. Cardosi has been identified as the "eligible individual" for 1991, entitlement to the earned income credit itself will be determined by the Rule 155 computation. See sec. 32(a) and (b)↩.
6. We note that this was one of three related cases in which petitioners argued, with varying degrees of clarity, that they were entitled to deduct worthless interests in a "family" partnership identified either as "Fortune Group" or "Magenta Minerals". See Cardosi v. Commissioner, T.C. Memo. 1995-145; Kaufman v. Commissioner, T.C. Memo. 1995-146. This argument was not raised in a fourth related case, Cardosi v. Commissioner, T.C. Memo. 1995-147↩.
7. We note that petitioners could be deemed to have abandoned a claim to such a deduction in light of their testimony at trial. We address the issue, however, for purposes of completeness.↩