ROBERT L. GERTZ AND J. KAY GERTZ, PETITIONERS *v.* COMMIS-SIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 307-73.    Filed July 21, 1975.

Robert L. Gertz, pro se.
*Willard N. Timm, Jr.,* for the respondent.

IRWIN, *Judge:* Respondent determined a deficiency in petitioner's income tax for the calendar year 1969 in the amount of $1,209.87. Various concessions having been made, the only issue remaining for our determination is whether respondent erred in disallowing a claimed bad debt deduction for wages which were never paid.

### FINDINGS OF FACT

Some of the facts have been stipulated and these facts are found accordingly.

Petitioners are husband and wife and resided in Laguna Hills, Calif., at the time of the filing of their petition in this case. For the calendar year 1969 they filed their joint Federal income tax return with the Internal Revenue Service Center, Ogden, Utah. In reporting their income for Federal income tax purposes petitioners used the cash receipts and disbursements method of accounting.

In July 1963 Robert Gertz (hereinafter referred to as petitioner) entered into an oral 2-year employment agreement with Edward E. Gurian & Co., Inc. (hereinafter Gurian), an Illinois corporation. Pursuant to this agreement petitioner was employed as an engineer designing products. On August 16, 1964,

Gurian ceased doing business and petitioner's employment was terminated. At that time he was receiving a salary of $185 per week. Petitioner was paid in full for all services rendered.

Sometime after August 16, 1964, Gurian filed a petition for an adjudication of bankruptcy in the United States District Court for the Northern District of Illinois. Petitioner filed a wage claim in this bankruptcy proceeding in the amount of $8,918. This amount was claimed to be due under the oral employment agreement. The bankruptcy court allowed petitioner a $600 priority claim and an $8,318 unsecured claim. The priority claim was paid in full and the trustee withheld income tax on that amount. The unsecured claim was never satisfied.

Petitioner determined that the entire wage claim became uncollectible in 1969 and accordingly claimed a bad debt deduction in the amount of $8,917 [1] on his income tax return for that year. No portion of this amount had ever been included in petitioner's income for Federal income tax purposes.

In the notice of deficiency the Commissioner of Internal Revenue disallowed petitioner's bad debt deduction in the amount of $8,917, stating that this amount "has never been included as income on any Federal income tax return" as required by section 166 [2] and the regulations thereunder. The Commissioner did allow petitioner a deduction of $100 for legal fees incurred in attempting to recover the unpaid wages.

OPINION

Petitioner claimed on his 1969 tax return a bad debt deduction under the provisions of section 166(a)(1) [3] in the amount of $8,917. $8,317 of this amount represents the unsatisfied portion of his wage claim allowed in the bankruptcy action.

Respondent argues that petitioner has failed to prove the existence of a bona fide debt, as required by section 1.166-1(c), [4]

---

[1] We note the $1 discrepancy between the amount claimed as wages due in the bankruptcy case and the amount claimed as a bad debt on petitioner's income tax return. We further note that while petitioner claimed the total amount of his wage claim as a bad debt, in fact he received $600 of that amount in the bankruptcy proceeding.

[2] All statutory references are to the Internal Revenue Code of 1954, as amended.

[3] SEC. 166. BAD DEBTS.
(a) GENERAL RULE.—
(1) WHOLLY WORTHLESS DEBTS.—There shall be allowed as a deduction any debt which becomes worthless within the taxable year.

[4] Sec. 1.166-1 Bad debts.
(c) *Bona fide debt required.* Only a bona fide debt qualifies for purposes of section 166. A bona fide debt is a debt which arises from a debtor-creditor relationship based upon a valid

Income Tax Regs. In the alternative, respondent argues that if in fact a bona fide debt does exist, section 1.166-1(e),[5] Income Tax Regs., and the cases decided thereunder bar the petitioner from claiming such a deduction when he has failed to report any of the amount so claimed as income in any taxable year.

We do not find it necessary to our determination of this issue to reach a finding concerning the validity of petitioner's debt; for assuming, without deciding, the bona fide character of the debt, it has long been settled that a taxpayer is not entitled to a bad debt deduction under section 166 for the value of unpaid wages or other income items if such an item has never been reported as income. *Charles A. Collin*, 1 B.T.A. 305, 309 (1925); *Howard J. Simons*, 1 B.T.A. 351, 353 (1925); *J. Noble Hayes*, 7 B.T.A. 936, 944 (1927); *Bush Terminal Buildings Co.*, 7 T.C. 793, 812 (1946). It follows that since the $8,317 of unpaid wages was never reported as income, petitioner is not entitled to a bad debt deduction under section 166.

Petitioner at the trial and on brief argues that he more appropriately should be permitted to amend his tax return and be given a tax credit on his allowed wage claim that will reduce the income tax deficiency assessed against him.

Petitioner maintains that because the bankruptcy court allowed his wage claim against Gurian, the existence of a liability on Gurian's books showing $8,917 in wages payable to petitioner has been established. Once such a debt is established, petitioner claims that the Internal Revenue Service is responsible for collecting a percentage of the debt from the employer for withholding tax purposes. The employee should then be entitled to claim a tax credit on his income tax return for that amount.

Section 3402(a) [6] imposes a duty on employers paying wages to

---

and enforceable obligation to pay a fixed or determinable sum of money. * * *

[5] Sec. 1.166-1 Bad debts.

(e) *Prior inclusion in income required.* Worthless debts arising from unpaid wages, salaries, fees, rents, and similar items of taxable income shall not be allowed as a deduction under section 166 unless the income such items represent has been included in the return of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year.

[6] SEC. 3402. INCOME TAX COLLECTED AT SOURCE.

(a) REQUIREMENT OF WITHHOLDING.—Every employer making payment of wages shall deduct and withhold upon such wages (except as otherwise provided in this section) a tax determined in accordance with the following tables. * * *

employee-taxpayers to withhold a percentage of those wages for income tax purposes. Section 31(a)(1) [7] provides that the wages so withheld will be credited by the Internal Revenue Service to the income tax account of the employee-taxpayer. The effect of these provisions is to reduce the employee's income tax bill for the year in which the tax on wages is withheld.

It is clear that the duty imposed by section 3402 does not arise unless and until the employer actually or constructively pays wages to his employee.[8] The essence of petitioner's argument is that the bankruptcy court's allowance of his wage claim is tantamount to such a constructive payment of wages within the meaning of section 31.3402(a)-1(b), Employment Tax Regs. With this we cannot agree. The allowance of an employee's unpaid wage claim in a bankruptcy action against his former employer is merely a judicial determination which authorizes the employee to participate with the other creditors of the bankrupt in the pro rata distribution of the assets of the bankrupt's estate. By the very nature of the proceeding it is rare that any creditor's claim is satisfied in full. To the extent an employee's claim is satisfied, withholding taxes accrue and the trustee in bankruptcy is required by section 3402 to deduct the appropriate amount from the payment made to the employee. *United States v. Fogarty*, 164 F. 2d 26, 33 (8th Cir. 1947); *In re Freedomland, Inc.*, 341 F. Supp. 647, 654 (S.D.N.Y. 1972).

We have found that petitioner realized $600 of his total claim of $8,917. Of this $600, $105.70 was properly deducted for withholding purposes. The $8,317 which remained unsatisfied was not constructively paid within the meaning of section 31.3402(a)-1(b), Employment Tax Regs. It is quite clear that this amount does not represent additional funds "set apart for * * * [petitioner] so that they may be drawn upon by him at any time although not then actually reduced to possession." Indeed, if

---

[7] SEC. 31. TAX WITHHELD ON WAGES.

(a) WAGE WITHHOLDING FOR INCOME TAX PURPOSES.—

(1) IN GENERAL.—The amount withheld under section 3402 as tax on the wages of any individual shall be allowed to the recipient of the income as a credit against the tax imposed by this subtitle.

[8] See sec. 31.3402(a)-1(b), Employment Tax Regs.:

(b) The employer is required to collect the tax by deducting and withholding the amount thereof from the employee's wages as and when paid, either actually or constructively. Wages are constructively paid when they are credited to the account of or set apart for an employee so that they may be drawn upon by him at any time although not then actually reduced to possession. * * *

the \$8,317 could have been drawn by petitioner at any time, he presumably would not have claimed a bad debt deduction in that amount on his return. Since we find that there has been no actual or constructive payment of the \$8,317 claimed by petitioner, section 3402 is inapplicable to impose a duty on Gurian's trustee to deduct withholding tax from that amount.[9] It follows that petitioner is not entitled to claim the tax credit provided by section 31(a). Therefore, petitioner's alternative argument must also fail.

*Decision will be entered under Rule 155.*

---

[9] The evidence fails to support petitioner's claim that the Internal Revenue Service filed a claim in the bankruptcy proceeding against Gurian for the amount of withholding tax Gurian was liable to deduct from petitioner's unpaid wages.