FITZHUGH L. ODOM, JR., and DONNA C. ODOM, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Odom v. Commissioner
Docket No. 2838-77.
United States Tax Court
T.C. Memo 1979-53; 1979 Tax Ct. Memo LEXIS 473; 38 T.C.M. (CCH) 217; T.C.M. (RIA) 79053; February 13, 1979, Filed Fitzhugh L. Odom, pro se. John S. Ball, for *474 the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency in Federal income tax for the year 1974 in the amount of $545.85. The issues for our decision are: (1) Whether petitioners who were on the cash basis may claim a bad debt deduction for uncollected rent; (2) Whether expenses incurred by petitioner husband in partitioning property in which he had an interest are deductible non-trade or non-business expenses; and (3) Whether petitioners are entitled to depreciate a house which was not held for the production of income during the year in issue because the house was occupied during the year in issue by a third party who held a life estate in said house and, consequently, paid nothing to petitioners. FINDINGS OF FACT Petitioners are married individuals whose return for the year in issue was filed with the Memphis Service Center, Memphis, Tennessee. At the time of the filing of this petition they resided in Richmond, Virginia. All of the issues herein concern only Fitzhugh L. Odom, Jr., who will hereinafter be referred to as petitioner. During the year in issue petitioner owned *475 a house in Ahoskie, North Carolina, which he rented $70for a month. By the end of 1974 the tenant owed $490 back rent, which petitioner did not and had never included in income but, nevertheless, deducted as a "rental loss/bad debt" on his return even though he was on the cash basis of accounting. Following the death of his parents petitioner acquired an undivided interest in a number of rental properties together with his brother Richard Odom. He and Richard were unable to cooperate and petitioner eventually filed partition suits and incurred other expenses and as a final result acquired outright a store building (or bakery building) and a frame residence in Ahoskie, North Carolina.
On his 1974 return petitioner allocated and deducted such fees and expenses which totaled $2,150 as 1974 expenses even though $475 of that amount had been paid by petitioner in 1973. Respondent has disallowed only $1,075 of the above amount on the basis that it was a non-deductible capital expenditure and has allowed additional depreciation on this amount. In 1972 petitioner, by another partition proceeding, acquired a farm property in Hertford County, North Carolina, on which there was a house *476 known as "Parker House," which was occupied free of charge during all of 1974 by Mary Parker under a deed from her parents, which reserved to her the right for her life to live in the house free from the payment of any rent. Petitioner rented out the above farm land in 1974 and properly returned the income and expenses attributable thereto. He received nothing on account of the "Parker House" but, nevertheless, claimed a depreciation deduction of $600 on the house, which respondent has determined was not allowable since the house was not used by petitioner in a trade or business or held for the production of income. OPINION As to the first issue petitioner falls squarely within section 1.166-1(e), Income Tax Regs., which provides: (e) Prior inclusion in income required. Worthless debts arising from unpaid wages, salaries, fees, rents, and similar items of taxable income shall not be allowed as a deduction under section 166 unless the income such items represent has been included in the return of income for the year for which the deduction as a bad debt *477 is claimed or for a prior taxable year. This regulation has often been approved. See, inter alia, Gertz v. Commissioner,64 T.C. 598 (1975).Respondent is sustained on this issue. As to issue number (2) the record is clear that the entire $1,075, which was disallowed by respondent, had been incurred in connection with his partition suits and was therefore a non-deductible capital expenditure. Woodward v. Commissioner,397 U.S. 572 (1970); Boagni v. Commissioner,59 T.C. 708, 713 (1973), acq. 1973-2 C.B. 1; Reed v. Commissioner,55 T.C. 32, 40 (1970); and Smith v. Commissioner,55 T.C. 133 (1970).
We also note that respondent's determination has allowed depreciation on this $1,075, which has been capitalized. We find this issue for respondent and support his actions. As to issue number (3) we have held in a number of cases that a residence is not held for the production of income when it is occupied on a rent-free basis. The case which is closest on its facts is the court reviewed *478 case of Prince Trust v. Commissioner,35 T.C. 974, 978-979 (1961), in which we stated: The issue here is whether the Virginia property was property held for the production of income within the meaning of sections 23(a)(2) of the Internal Revenue Code of 1939 and 212(2) of the Internal Revenue Code of 1954. We hold it was not. The facts in this case are much like Eugene H. Walet, Jr.,31 T.C. 461. There the owner of the house, for personal reasons, allowed his former wife and son to occupy it during the years in question rent free. He sought deductions for depreciation and repairs and we held they were not allowable as he was not holding the property during the years in question for any income-producing purpose.Here the owner of the property, the trust, granted a principal beneficiary the right to occupy the property rent free during the years in question and it seeks deductions for repairs and maintenance. The only difference is that here there was more compulsion to grant the rent-free occupancy. Upon the issue of whether the property was, during the rent-free occupancy years, being held for the production of income, *479 the reason why rent-free occupancy is granted is immaterial.It is the fact that the owner does grant, during the years in question, rent-free occupancy, that precludes the claim of holding the property for the production of income. Petitioner's burden was to show the property was being held during the very years in question for the production of income. In St. Louis Union Trust Co., et al., Trustees,40 B.T.A. 165, the testamentary trust sought deductions for repairs, maintenance, insurance, and other expenses, attributable to a dwelling occupied, at the direction of testator, rent free by a beneficiary. While [1] this case was decided before the Revenue Act of 1942 [1] added section 23(a)(2) to the statute, the contention was made the expenditures involved were ordinarily and necessarily incurred for the preservation of the property of the trust. In rejecting the contention we said: The property was being retained and for all that appears will continue to be retained until an indefinite time in the future, not for purposes of lease or sale nor for any other purpose connected with a pecuniary benefit of the trust. *480 * * * The same could be said in the instant case. The Virginia property was held by the trust and obviously will be retained by the trust for an indefinite time in the future, not for the purposes of lease or sale nor for any other income-producing purpose. We hold for respondent. See also Bradley v. Commissioner,30 T.C. 701 (1958), and Walet v. Commissioner,31 T.C. 461 (1958), affd. 272 F. 2d 694 (5th Cir. 1959).
We have found that petitioner's interest in this house was subject to Mary Parker's life estate during the year in issue and conclude that he has no right to the deduction claimed until his interest ripens. Sec. 1.167(h)-1(a), Income Tax Regs.
Decision will be entered for the respondent.
Footnotes
1. Sec. 121(a), Revenue Act of 1942.↩