LARKIN C. CRAIG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Craig v. Commissioner
Docket No. 28225-86.
United States Tax Court
T.C. Memo 1988-39; 1988 Tax Ct. Memo LEXIS 35; 55 T.C.M. (CCH) 53; T.C.M. (RIA) 88039; February 8, 1988; As amended March 9, 1988 Larkin C. Craig, pro se. Elizabeth L. Groenewegen, for the respondent. PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined a deficiency in petitioner's income tax for 1983 in the amount of $ 4,896.00. After concessions by petitioner, the issues remaining for trial are: (1) whether petitioner is entitled to deduct $ 950 as legal fees; and (2) whether petitioner is entitled to deduct $ 9,750 as a business bad debt. Petitioner resided in Concord, Calif., when he filed his petition. In September 1977 petitioner, doing business as Southcoast Divers, did some diving work in Las Vegas for a customer, Master Coach Enterprises. The customer paid with a check in the amount of $ 9,750. Petitioner's bank cashed the check and petitioner *36 used the cash to pay his workers. The check was subsequently returned for insufficient funds. Petitioner's bank then seized his savings account containing about $ 7,800. Petitioner was forced to borrow an additional $ 2,000 to reimburse his bank. Petitioner did not include the amount of the check in income in 1977 or any later year. After fruitless attempts by petitioner and his attorneys to collect, petitioner sued. He won a judgment in 1983, but Master Coach Enterprises declared bankruptcy and petitioner never collected anything. In connection with this litigation petitioner paid legal fees of $ 950 over a two-year period prior to 1983. He did not deduct this amount on any return, believing he was required to await the outcome of his lawsuit on the bad check. Petitioner is a cash basis taxpayer. A debt may be deducted in the taxable year in which it becomes worthless. Section 166(a). [1] Respondent does not dispute that the debt becomes worthless in 1983. However, section 1.166-1(e), Income Tax Regs., provides as follows: (e) Prior inclusion in income required. Worthless debts arising from unpaid wages, salaries, fees, rents, and similar items of taxable income *37 shall not be allowed as a deduction under section 166 unless the income such items represent has been included in the return of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year. This regulation has often been approved. See, inter alia, Gertz v. Commissioner,64 T.C. 598 (1975). Although petitioner suffered an actual "cash loss" for his expenses incurred in connection with the work performed for Master Coach Enterprises, that loss was reflected in expense deductions he would have claimed in 1977, the year the work was performed.[2] Had petitioner been on the accrual basis, the check would have been includable in income in 1977. Petitioner acknowledged he did not report the worthless check as income in that year. Moreover, the returns in evidence for 1977 and 1983 reflect petitioner as a cash basis taxpayer. We therefore sustain respondent on this issue. Although petitioner did incur and *38 pay legal expenses in the amount claimed, they were not paid in 1983. Petitioner is thus precluded from deducting them in that year. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code as applicable to the year in issue. ↩
2. Petitioner's 1977 tax return, Schedule C, indicates a deduction for "divers and tenders" in the amount of $ 40,122. ↩