EURAMCO ASSOCIATES, INC., FRANK C. PETRULIS, TAX MATTERS PERSON, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Euramco Assocs v. Commissioner
Docket No. 9593-88
United States Tax Court
T.C. Memo 1991-39; 1991 Tax Ct. Memo LEXIS 58; 61 T.C.M. (CCH) 1765; T.C.M. (RIA) 91039; February 4, 1991, Filed *58 Frank C. Petrulis, pro se. Jerome F. Warner, for the respondent. JACOBS, Judge. JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined adjustments of $ 17,721 to the 1984 S Corporation return filed by Euramco Associates, Inc. (Euramco). After concessions, the issues for decision are: (1) Whether respondent's Notice of Final "S" Corporation Administrative Adjustment was timely mailed; and if so, then, (2) whether Euramco properly claimed unreported fees and expenses as a bad debt; (3) whether Euramco properly claimed expenses which its two principal shareholders (Frank C. Petrulis and Antoine G. Lucas) individually paid; and (4) whether Euramco properly claimed moneys advanced to Euramco by Messrs. Petrulis and Lucas as operational costs. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Euramco, a subchapter S corporation, was incorporated in 1977 to render architectural and engineering services; it was dissolved in April 1989. Euramco's principal place of business was located in Binghamton, New York. It reported its income on a calendar-year *59 basis, using the cash receipts and disbursements method of accounting. Euramco filed its 1984 return on April 8, 1985. Respondent mailed a Notice of Final "S" Corporation Administrative Adjustment to Euramco's tax matters person (Frank C. Petrulis) on February 19, 1988. In July 1980, Euramco contracted with Southern Tier Zoological Society (the Zoological Society) to render architectural and engineering services in connection with the design and construction of a glass-enclosed, underwater structure housing a beaver/otter exhibit (Exhibit) at the Ross Park Zoo in Binghamton. The design phase for the Exhibit was completed in late 1982 or early 1983, and Euramco submitted its bill for services rendered, and reimbursable expenses, to the Zoological Society on February 2, 1983. The Zoological Society refused to pay, claiming that Euramco's design for the underwater windows of the Exhibit was faulty. Bad Debts
As a result of the Zoological Society's failure to pay, Euramco claimed $ 8,444 as a bad debt on its 1984 return. Euramco computed the bad debt as follows: Professional Fees
$ 3,904
Accrued Interest
1,830
Reimbursable Expenses
2,209
Legal Expenses
[1] 500
*60 Euramco did not report the professional fees, accrued interest, or reimbursable expenses billed to the Zoological Society as income on its return for 1984 or any prior year. Respondent disallowed the claimed bad debt. Business Expenses
Attached to Euramco's 1984 return was a schedule of operational costs. These costs included $ 5,552 which Messrs. Petrulis and Lucas individually paid without corporate reimbursement; respondent disallowed the claimed shareholder-paid expenses. Further, as part of its costs of operation, Euramco claimed $ 2,000 for moneys Messrs. Petrulis and Lucas advanced to it; Euramco never repaid such funds. Euramco did not report the $ 2,000 shareholder advance as income on its return for 1984 or any prior year. Respondent also disallowed this operational cost. OPINION Statute of Limitations
Euramco filed its 1984 return on April 8, 1985; *61 the last day for timely filing such return was March 15, 1985. Sec. 6072(b). [2] Therefore, unless extended or suspended, the limitations period for assessing the tax expired on April 8, 1988. Sec. 6229(a). Respondent mailed the notice of Final "S" Corporation Administrative Adjustment on February 19, 1988. Accordingly, assessment of the tax for the adjustments involved herein is not time-barred. Bad Debts
Section 166 provides that a deduction is allowed for any debt which becomes worthless within the taxable year. Worthless debts are not deductible under section 166 unless the income such items represent has been included on a return for the year in which the deduction is claimed or for a prior year. Gertz v. Commissioner, 64 T.C. 598 (1975); sec. 1.166-1(e), Income Tax Regs.
Euramco never reported the Zoological Society's debt as income on any of its returns; accordingly, *62 the claimed bad debt is not allowable. Business Expenses
Under the cash receipts and disbursements method of accounting, expenditures are deductible in the year paid. Sec. 1.446-1(c)(1)(i), Income Tax Regs.Euramco did not reimburse Messrs. Petrulis and Lucas for the expenses ($ 5,552) which they individually paid. Nor did Euramco repay Messrs. Petrulis and Lucas the $ 2,000 they advanced to Euramco. Consequently, Euramco is not entitled to claim either the shareholder-paid expenses ($ 5,552) or the shareholder advances ($ 2,000) as part of its operational costs. An appropriate order will be issued. Footnotes
1. At trial, respondent conceded the deductibility of Euramco's legal expenses. We note that the bad debt computation totals $ 8,443.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩