JOHN WATTS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Watts v. Commissioner
Docket No. 8457-93
United States Tax Court
T.C. Memo 1995-196; 1995 Tax Ct. Memo LEXIS 197; 69 T.C.M. (CCH) 2537; T.C.M. (RIA) 95196; May 3, 1995, Filed *197 Decision will be entered under Rule 155. John Watts, pro se. For respondent: Michael D. Baker PARKER
PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and additions to tax as follows: Additions to Tax*
Section[1]
Section[2]
Section
Year
Deficiency
6653(b)(1)
6653(b)(2)
6654
1983
$ 3,292
$ 1,646
[3]
$ 201
1984
30,073
15,037
[4]
1,775
1985
3,105
1,553
[5]
178
1986
1,356
1,017
[6]
65
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years before the Court, and all Rule references are to the Tax Court Rules of Practice and Procedure. Respondent concedes that petitioner did *198 not have long-term capital gains during the taxable years 1983 and 1984, and petitioner concedes that the amounts of his remaining income as determined by respondent in the notice of deficiency are correct. The remaining issues to be decided are: (1) Whether petitioner is liable for the deficiencies in taxes attributable to his remaining income for each of the years at issue; (2) whether petitioner is liable for the additions to tax for fraud under section 6653(b)(1) and (2) for the taxable years 1983, 1984, and 1985 and under section 6653(b)(1)(A) and (B) for the taxable year 1986; (3) if petitioner is not liable for part or all of the additions to tax for fraud for any of the years at issue, whether petitioner is liable for the additions to tax for negligence under section 6653(a)(1) and (2) for the taxable years 1983, 1984, and 1985 and under section 6653(a)(1)(A) and (B) for the taxable year 1986; (4) if petitioner is not liable for part or all of the additions to tax for fraud for any of the years at issue, whether petitioner is liable for the addition to tax under section 6651(a) for failure to file tax returns for each of the years at issue; and (5) whether petitioner *199 is liable for the addition to tax under section 6654(a) for failure to pay estimated tax for each of the years at issue. FINDINGS OF FACT Essentially all of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Background
Petitioner, John Watts, resided in Philadelphia, Pennsylvania, at the time he filed the petition in this case. When petitioner came to this country, he did not speak English. He worked hard and became a masonry worker. People liked his work, and he made money and many friends. On April 18, 1967, petitioner and his now deceased former wife, Violet Watts (Mrs. Watts), granted six rental properties to an inter vivos trust controlled by petitioner and purportedly created for the benefit of his children, Gregory Watts, Andria Watts, Olga Watts, and Alexander Watts. On January 4, 1980, petitioner executed a trust indenture for the six properties granted to the inter vivos trust. [1]
*200 On July 1, 1969, petitioner and Mrs. Watts purchased an apartment building located in Atlantic City, New Jersey, for $ 126,000. On August 1, 1979, petitioner sold the apartment building for $ 340,000. Petitioner received $ 34,000 of the sale price at the time the agreement of sale was signed and $ 66,000 at the time of settlement. Petitioner held a mortgage note on the property for $ 190,000. The mortgage note required that principal and interest be paid for 5 years based on an amortization over a 15-year period with an interest rate of 10 percent. The balance was to be paid in full at the end of the 5-year term. In addition, the purchasers were obligated to pay and did pay petitioner $ 50,000 of the mortgage balance on January 2, 1980. During the taxable years 1983 and 1984, petitioner received each scheduled payment due on the mortgage note. Petitioner received interest on the mortgage note in the amounts of $ 17,724.06 in 1983 and $ 10,473 in 1984. On August 24, 1984, petitioner received $ 159,946.85 as the final payment on the mortgage note. On August 27, 1984, petitioner purchased a $ 55,000 certificate of deposit (CD) from Fidelity Bank (the Fidelity CD). The Fidelity *201 CD was for a term of 30 months with interest at the rate of 11.11 percent. On August 27, 1984, petitioner deposited $ 18,278 of the $ 159,946.85 payment into his Fidelity Bank checking account, and, on August 29, 1984, he deposited $ 7,000 of that payment into his Fidelity Bank money access account. During the taxable year 1984, petitioner received interest income in the amount of $ 2,046 from Fidelity Bank, which the bank reported to the Internal Revenue Service (the IRS). During the taxable year 1984, petitioner maintained a savings account at First American Savings Bank. On August 27, 1984, petitioner purchased a CD at First American Savings Bank for $ 80,000 (the First American CD). During the taxable year 1984, petitioner received interest income from the First American CD in the amount of $ 3,163, which interest was automatically deposited into his First American savings account and which interest First American reported to the IRS. During the taxable year 1985, petitioner received interest income from the Fidelity CD in the amount of $ 6,138. During the taxable year 1985, petitioner received interest income from the First American CD in the amount of $ 9,044.61 and interest *202 income from the First American Bank savings account in the amount of $ 38.17. During the taxable year 1986, petitioner received interest income from his Fidelity Bank CD in the amount of $ 6,138. During the taxable year 1986, petitioner received interest income from his First American CD in the amount of $ 8,090.68 and interest income from his First American savings account in the amount of $ 28.65. In summary, during the taxable years at issue, petitioner received interest income in the following amounts, rounded to the nearest dollar: Taxable Year
Income
1983
1984
1985
1986
Mortgage note
$ 17,724
$ 10,473
--
--
Fidelity CD
0
2,046
$ 6,138
$ 6,138
First American
CD
0
3,163
9,045
8,091
Savings account
0
0
38
29
Total Interest
$ 17,724
$ 15,682
$ 15,221
$ 14,258
In addition to the interest income, petitioner received other income during the taxable year 1985 in the amount of $ 5,727. Petitioner did not file Federal individual income tax returns (Forms 1040) for the taxable years 1983, 1984, 1985, or 1986. He also did not file in any of those years any Federal fiduciary income tax return (Form 1041) for the trust he purportedly created *203 for his children. In the notice of deficiency, respondent determined that petitioner had taxable income during the years at issue in the following amounts: Taxable Year
Income 1983 1984 1985 1986 Interest
$ 17,724 $ 15,682 $ 15,220 $ 14,270 Interest forfeiture
0 0 0 (1,240)
Other income
0 0 5,727 0 Capital gain
2,992 65,874 0 0 Personal exemption
(1,000)
(1,000)
(1,040)
(1,080)
Taxable income
$ 19,716 $ 80,556 $ 19,907 $ 11,950 OPINION Deficiencies
In the notice of deficiency for the years before the Court, respondent determined that petitioner failed to report capital gain on the installment sale of the Atlantic City apartment building. Following the trial of this case, however, respondent discovered that, in a previous examination of petitioner's taxable years 1977 through 1982, the examining agent had included the entire long-term capital gain in the year of the sale, 1979. As a result, respondent filed a notice of partial concession, conceding the capital gains issue for 1983 and 1984. At the trial of this case, petitioner did not dispute the amount of his income for the years before the Court [2] *205 *204 and instead explained his reasons for not filing returns or paying any tax. Petitioner failed to pay his taxes and to file his returns because he contends that he is "The Messiah and the Witness from heaven". He testified that one day he started reading a Bible and began to see that the Bible was describing his destiny, his past, his present life, and his future. Petitioner says that the Bible identifies his name, the place of his birth, his father, mother, children, and wife. Petitioner also testified that he is the owner of this country, that he bought this land 300 years ago. As the owner of this country, petitioner says that he is to collect taxes, not pay them. He states that he cannot pay the taxes because he cannot break the law of God. Petitioner also testified that, after Watergate, President Nixon "gave the presidency" to him rather than to then Vice-President Ford. Petitioner contends that the country owes him for 20 years of "presidency wages". [3]
As to the petitioner's equitable claim of "set-off" against the taxes due and owing, this Court takes judicial notice of the fact that Gerald Ford was President of the United States following President Nixon's resignation in 1974, and that Presidents Carter, Reagan, Bush, and Clinton *206 have been duly elected to and served in that office since that time. Furthermore, this Court lacks jurisdiction with respect to such a claim. See Gertz v. Commissioner, 64 T.C. 598, 600 (1975); see also Akins v. Commissioner, T.C. Memo. 1993-256, affd. without published opinion 35 F.3d 577 (11th Cir. 1994); Randall v. Commissioner, T.C. Memo. 1993-207, affd. without published opinion 29 F.3d 621 (2d Cir. 1994). We hold that petitioner is liable for the deficiencies in taxes on his income for the years at issue as determined by respondent in the notice of deficiency, except for the capital gain for the taxable years 1983 and 1984, which had already been included in petitioner's income for the taxable year 1979, and except for $ 12 of the interest income for 1986.[4]
*207 Additions to Tax
1. Fraud
In the notice of deficiency, respondent determined that petitioner is liable for the additions to tax for fraud under section 6653(b)(1) and (2) for the taxable years 1983 through 1985 and section 6653(b)(1)(A) and (B) for the taxable year 1986. Respondent bears the burden of proof and must establish each element of fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b); Wright v. Commissioner, 84 T.C. 636, 639 (1985). Fraud is actual, intentional wrongdoing, and the intent is the specific purpose to evade a tax believed to be owing. Stoltzfus v. United States, 398 F.2d 1002, 1004 (3d Cir. 1968). Respondent must show that petitioner intended to evade taxes by conduct calculated to conceal, mislead, or otherwise prevent the collection of the tax. Id. at 1004. Fraud is never to be presumed. Toussaint v. Commissioner, 743 F.2d 309, 312 (5th Cir. 1984), affg. T.C. Memo. 1984-25. The existence of fraud is a question of fact to be determined on the basis of the entire record. *208 Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Fraud, however, can seldom be proved by direct proof of the taxpayer's intention. Fraud can be established by circumstantial evidence and by reasonable inferences drawn from the taxpayer's entire course of conduct. Spies v. United States, 317 U.S. 492, 499 (1943); Toussaint v. Commissioner, supra at 312. Courts frequently list various factors or "badges of fraud" from which fraudulent intent may be inferred. Although such lists are nonexclusive, some of the factors this Court has considered as indicative of fraud are (1) understatement of income, (2) inadequate records, (3) implausible or inconsistent explanations of behavior, (4) concealment of assets, (5) failure to cooperate with the tax authorities, (6) engaging in illegal activities, and (7) dealing in cash. Meier v. Commissioner, 91 T.C. 273, 297-298 (1988) (citing Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), *209 affg. T.C. Memo. 1984-601). Respondent has established that petitioner intentionally failed to file tax returns, and while that is a factor to be considered, failure to file, standing alone, does not prove fraud. Kotmair v. Commissioner, 86 T.C. 1253 (1986). Petitioner did not conceal his assets or his income. His money was in banks or other financial institutions, which reported the interest to the IRS. His records were adequate and permitted the parties to stipulate to the various items of unreported income. While there has been a pattern of petitioner's failing to file returns or pay taxes, his actions seem to be motivated by what he sees as his religious mission rather than by any attempt to evade taxes. Based on the entire record, we conclude that respondent has failed to prove by clear and convincing evidence any intent on petitioner's part to evade taxes. Therefore, we hold that petitioner is not liable for the additions to tax for fraud. 2. Negligence
In the notice of deficiency, respondent determined that, in the event petitioner is not liable for the additions to tax for fraud, petitioner is liable *210 for the additions to tax for negligence under section 6653(a)(1) and (2) for the taxable years 1983 through 1985 and under section 6653(a)(1)(A) and (B) for the taxable year 1986. Negligence is the lack of due care or the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determination of negligence is presumed correct, and petitioner bears the burden of proving otherwise. Bixby v. Commissioner, 58 T.C. 757, 791 (1972). We find, under the circumstances of this case, that petitioner was negligent. Petitioner intentionally failed to file returns for any of the years at issue. Additionally, petitioner has no legal basis to claim that he should not be required to file returns and pay income taxes. We hold, therefore, that petitioner is liable for the additions to tax for negligence for each of the years at issue. 3. Failure to File
In the notice of deficiency, respondent determined that, in the event petitioner is not liable for the additions to tax for fraud, petitioner is liable for the additions to tax *211 for failure to timely file returns for each of the years at issue under section 6651(a)(1). If a taxpayer fails to file a timely income tax return, an addition to tax of 5-percent per month of the amount of tax required to be shown on the return shall be imposed, unless the taxpayer is able to show that such failure was due to reasonable cause and not willful neglect. Sec. 6651(a)(1). The burden of proof is on petitioner to show that the failure is due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245 (1985); Baldwin v. Commissioner, 84 T.C. 859, 870 (1985). To prove "reasonable cause", a taxpayer must show that he or she exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time. Crocker v. Commissioner, 92 T.C. 899, 913 (1989); sec. 301.6651-1(c)(1), Proced. & Admin. Regs. To disprove "willful neglect", a taxpayer must prove that the late filing did not result from a "conscious, intentional failure or reckless indifference." United States v. Boyle, supra at 245-246. *212 Generally, a taxpayer may establish reasonable cause for failing to file a timely return by proving that he or she reasonably relied on the advice of an accountant or attorney that it was unnecessary to file a return and later found that such advice was erroneous or mistaken. See United States v. Boyle, supra at 250; Estate of Paxton v. Commissioner, 86 T.C. 785, 820 (1986). Petitioner intentionally failed to file tax returns. He has not convinced the Court that his failure to file was due to reasonable cause. Accordingly, we hold that he is liable for the addition to tax for failure to file under section 6651(a) for each of the years at issue. 4. Failure to Make Estimated Tax Payments
In the notice of deficiency, respondent determined that petitioner is liable for the addition to tax under section 6654(a) for failure to pay estimated tax. Section 6654(a) imposes a tax penalty for an individual taxpayer's underpayment of estimated tax and sets forth a formula for determining the amount of the penalty. Petitioner did not come within any of the applicable exceptions for the year 1983. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). *213 This penalty may be waived for the taxable years 1984, 1985, and 1986, but only if the taxpayer proves that he or she fits into one of the exceptions enumerated in section 6654(e). [5]Section 6654(e)(3)(A) provides that the addition to tax provided in section 6654(a) shall not be imposed with respect to any underpayment "to the extent the Secretary determines that by reason of casualty, disaster, or other unusual circumstances the imposition of such addition to tax would be against equity and good conscience." Sec. 6654(e)(3)(A). We conclude that this exception does not apply here. Accordingly, petitioner is liable for the addition to tax under section 6654(a) for each of the years at issue. *214 To reflect respondent's concession and the above holdings, Decisions will be entered under Rule 155. Footnotes
*. In the alternative to the fraud additions, respondent determined additions to tax for negligence and failure to file.↩
1. For the taxable year 1986, the section is 6653(b)(1)(A).↩
2. For the taxable year 1986, the section is 6653(b)(1)(B).↩
3. 50 percent of the interest due on $ 3,292.↩
4. 50 percent of the interest due on $ 30,073.↩
5. 50 percent of the interest due on $ 3,105.↩
6. 50 percent of the interest due on $ 1,356.↩
1. The record does not establish the existence of a valid trust for the benefit of petitioner's children. In any event, any such trust would be a grantor trust; it is clear that petitioner himself controlled the property and received the income in this case.↩
2. Petitioner testified that he had "no arguments with [respondent's counsel]" and that respondent's counsel did a "terrific job". At the Court's direction respondent's counsel had assisted petitioner in organizing his documentation, which had never been made available to respondent before the calendar call of the trial session. The parties were able to submit a comprehensive stipulation of facts when the case was called for trial 4 days later.↩
3. Respondent's pre-trial memorandum characterized petitioner as a tax protestor. After working with him in the pre-trial preparations, respondent's counsel characterized him as contending that "he's of a higher order". Petitioner seemed to be sincere in his religious beliefs. The Court initially had some concern as to whether petitioner was competent to represent himself in this proceeding (Rule 60(d) -- last sentence) but became satisfied that he was competent to do so. Petitioner understood the nature of the Tax Court proceeding, the Court's jurisdiction to determine the deficiencies for the years at issue, and the financial aspects of the case. Although petitioner's arguments for not filing tax returns and not paying taxes may be unreasonable, petitioner had the capacity to maintain his action in this case.↩
4. The deficiency notice indicated interest income of $ 14,270 for 1986, but the record before the Court established that the amount was $ 14,258.↩
5. Sec. 6654 was substantially amended by sec. 411 of the Deficit Reduction Act of 1984 (DEFRA), Pub. L. 98-369, 98 Stat. 494, 788, 790, and now allows the Commissioner, under sec. 6654(e)(3)↩, to waive the addition "by reason of casualty, disaster, or other unusual circumstances [where] the imposition of such addition to tax would be against equity and good conscience." However, this amendment does not apply to the 1983 taxable year. DEFRA sec. 414(a)(2), 98 Stat. 793.