FRANCES B. GARRISON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Garrison v. Commissioner
Docket No. 8027-94
United States Tax Court
T.C. Memo 1995-242; 1995 Tax Ct. Memo LEXIS 245; 69 T.C.M. (CCH) 2798; June 5, 1995, Filed *245 Decision will be entered for respondent. Frances B. Garrison, pro se. For respondent: William W. Kiessling. CARLUZZO
CARLUZZO
MEMORANDUM FINDINGS OF FACT AND OPINION CARLUZZO, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's 1991 Federal income tax in the amount of $ 1,954. After a concession, [2] the sole issue for decision is whether petitioner is entitled to a bad debt deduction in the amount of $ 14,400 pursuant to section 166. *246 The issue in this case arises from an investment transaction, the underlying facts of which were previously considered and set forth by this Court in Garrison v. Commissioner, T.C. Memo. 1994-200, on appeal (6th Cir., Dec. 6, 1994), in connection with a similar issue for a prior year decided adversely to petitioner. The parties stipulated to a copy of the opinion in Garrison and the Court advised the parties that it interpreted such stipulation to be an invitation to make findings of fact in this proceeding based upon the findings of fact in the prior proceeding. [3] Neither party objected to the Court's proposal and the evidence introduced in this proceeding in large part confirmed the facts found in the prior proceeding, which are essentially repeated below. *247 . FINDINGS OF FACT Some of the facts have been stipulated, and they are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Nashville, Tennessee. In July of 1986, petitioner and her husband [4] invested a total of $ 4,800 in a corporation known as Micorp., Ltd. (Micorp). Their investment in this corporation was evidenced by two identical instruments (characterized by petitioner as "promissory notes"), which provided that, beginning September 25, 1986, and continuing each month thereafter for a period of 5 years, petitioner would receive payments from Micorp which, for the 5-year period, would total $ 144,000. Petitioner characterized the payments that she was to receive as "interest". During 1986, petitioner and her husband received one payment of $ 2,400, which they treated as a return of capital. By the end of 1989, the remainder of the total $ 4,800 investment had been paid to petitioner and her husband and was also treated as a return of capital. As of the date of trial, no further payments had been received or expected by petitioner. *248 Petitioner and her husband did not report any portion of the $ 144,000 due from their Micorp investment in income in any year. Nevertheless, for several years prior to 1991, petitioner and her husband claimed bad debt deductions stemming from their investment in Micorp, including a bad debt deduction in 1990 which was considered and disallowed in Garrison v. Commissioner, supra.
On her 1991 Federal income tax return, petitioner once again claimed on Schedule A, Itemized Deductions, a bad debt deduction relating to the investment in Micorp in the amount of $ 14,400. The $ 14,400 represented interest payable to petitioner for that year which was acknowledged in the certificates evidencing the investment. No part of the $ 14,400 claimed as a bad debt was reflected in income on petitioner's Federal income tax return for the year 1991 or any other year. OPINION Section 166 provides generally that there shall be allowed as a deduction any debt that becomes worthless during the taxable year. Sec. 166(a)(1). Petitioner claims that her investment resulted in a valid debt owed to her from Micorp which was worthless as of the close of 1991. Normally *249 in cases involving the validity of a bad debt deduction claimed by a taxpayer pursuant to section 166, the Court is called upon to examine the bona fides of the underlying debt, e.g., Kean v. Commissioner, 91 T.C. 575, 594 (1988), or to consider whether such debt was worthless as of the close of the relevant year, e.g., Holderness v. Commissioner, T.C. Memo. 1977-5, affd. per curiam 615 F.2d 401 (6th Cir. 1980), or both. In this case, neither of those elements seems to be in dispute although respondent does not expressly concede either. In support of her position denying the deduction in this case, respondent apparently relies upon the same authority and analysis as set forth in our prior opinion which held that the nature of the debt; i.e., a debt involving uncollected and unreported taxable income, would preclude its deductibility even if the debt was otherwise valid and became worthless. As we set forth in our prior opinion, section 1.166-1(e), Income Tax Regs., provides that worthless debts arising from unpaid wages, salaries, fees, rents, and similar items of taxable income shall not be *250 allowed as a deduction under section 166, unless the income such items represent has been reported as income for the year in which the bad debt deduction is claimed or for a prior taxable year. See Gertz v. Commissioner, 64 T.C. 598, 600 (1975); Garrison v. Commissioner, T.C. Memo. 1994-200. Petitioner's expected return on her investment in Micorp is an item of taxable income of the kind referred to in section 1.166-1(e), Income Tax Regs. Sec. 61(a)(4). She is not entitled to a deduction for a debt measured by income from Micorp which she should have received, but did not, during 1991 since she did not report such income for 1991 or any other year. Accordingly, respondent's determination is sustained. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner conceded the correctness of an adjustment disallowing a claimed employee business expense deduction in the amount of $ 2,781.44.↩
3. In her trial memorandum, respondent belatedly raised an issue as to the estoppel effect of Garrison v. Commissioner, T.C. Memo. 1994-200↩, on appeal (6th Cir., Dec. 6, 1994). Such issue is not properly before the Court and will not be considered. Rule 39 provides in part that "[a] party shall set forth in the party's pleading any matter constituting an avoidance or affirmative defense, including res judicata, collateral estoppel, [and] estoppel"
4. Petitioner's husband died on Dec. 16, 1990.↩