67 F.3d 299
 76 A.F.T.R.2d 95-6834, 95-2 USTC P 50,555
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frances B. GARRISON, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 94-2390.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1995.
 
 Before: KRUPANSKY, MILBURN and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Frances B. Garrison, pro se, appeals a Tax Court Decision finding a deficiency in income tax of $1,548 due from the petitioner, for the tax year 1990. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Internal Revenue Service (IRS) sent a Notice of Deficiency to the petitioner on June 17, 1992, with an explanation of the deficiency for the year ending December 31, 1990. This notice alleged a deficiency in income tax of $1,638. The matter was heard before the Tax Court on April 15, 1993. Upon consideration of the parties' stipulation of facts and the evidence gathered at the hearing, the Tax Court narrowed the issues for decision to the following: 1) whether certain interest claimed by the petitioner as an itemized deduction constituted qualified residence interest under Sec. 163(h)(3) of the Internal Revenue Code; 2) whether the petitioner was entitled to a bad debt deduction under Sec. 166 of the Code; and 3) whether certain expenses claimed by the petitioner as itemized deductions constituted deductible medical expenses under Sec. 213 of the Code. Based on the findings made in its Memorandum Opinion and upon the respondent's Computation for Entry of Decision, the Tax Court then entered a Decision, on June 29, 1994, finding an income tax deficiency for the year 1990 of $1,548.
 
 
 3
 Subsequently, Francis Garrison filed a Motion to Vacate this decision, on December 23, 1994. In this motion and on appeal to this court, Garrison challenges only the Tax Court's determination that she is not entitled to an itemized deduction of $7,200 relating to an alleged "bad debt loss" resulting from an investment that she and her husband had made in a Tennessee corporation known as Micorp. Ltd., Inc. The record shows that this deduction is based on what Garrison claimed is an amount of money that Micorp should have paid to her under two agreements that she and her husband had entered into with this company. The Tax Court discussed this issue in detail, but found that, under Sec. 166(a) of the Code, and under Sec. 1.166-1(e) of the Income Tax Regulations, the debts arising under the agreements could not be allowed as deductions, because the anticipated repayments had never been included as income in any tax return by the Garrisons, either in 1990 or in a prior taxable year.
 
 
 4
 On appeal, Garrison repeats the arguments presented to the Tax Court surrounding her allegedly valid "bad debt deduction" and adds that the statute of limitations bars the government from questioning the deductions claimed on her 1990 income tax return. Garrison raises only the issue of whether the Tax Court properly disallowed her "bad debt" deduction in 1990, and has abandoned all other issues. Thus, the remaining issues are not reviewable by this court. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 The United States Courts of Appeals have exclusive jurisdiction to review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. Sec. 7482(a). Thus, a Tax Court's findings of fact can be disturbed only if they are clearly erroneous, and questions of law are subject to de novo review. Smith v. Commissioner, 926 F.2d 1470, 1474 (6th Cir.1991). This court has held that factual determinations are not clearly erroneous unless the court is left with a definite, firm conviction that a mistake has been made. Kearns v. Commissioner, 979 F.2d 1176, 1178 (6th Cir.1992) (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)). The Commissioner's determination that a tax deficiency exists is presumptively correct, and the taxpayer has the burden of proving that the determination is erroneous or arbitrary. Kearns, 979 F.2d at 1178. It is the taxpayer's burden of going forward and proving that a Tax Court's determination of deficiency is erroneous. Hagaman v. Commissioner, 958 F.2d 684, 690 (6th Cir.1992).
 
 
 6
 This court concludes that Tax Court, relying on Gertz v. Commissioner, 64 T.C. 598, 600 (1975), did not err in holding that the petitioner is not entitled to a bad debt deduction under Sec. 166, because the items in question were never reported as income, either in 1990, when the deduction was taken, or in a prior year. Section 166 limits deductions to a taxpayer's adjusted basis in the investment, see I.R.C. Sec. 166(b), and, generally, a taxpayer's basis in an asset is equal to his or her cost of acquiring that asset. Muserlian v. Commissioner, 932 F.2d 109, 114 (2d Cir.1991). Garrison has presented no evidence that the basis of her "assets," as documented in her agreements with Micorp, should be adjusted to take into account the promises made to her by Micorp, but never realized. Thus, Garrison has not met her burden of proving that the Tax Court's determination of deficiency was erroneous or arbitrary.
 
 
 7
 Contrary to Garrison's argument, the three-year statute of limitations found in I.R.C. Sec. 6501(a) had not yet expired for items listed on Garrison's 1990 tax return, when the government sent a notice of deficiency on June 17, 1992, for the 1990 tax year. Moreover, the government is not estopped from correcting errors on returns even though it may have overlooked or accepted the same erroneous tax treatment of similar items in previous tax years. Knights of Columbus Council No. 3660 v. United States, 783 F.2d 69, 72 (7th Cir.1986).
 
 
 8
 Accordingly, the Tax Court's decision is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.