T.C. Memo. 1998-446

UNITED STATES TAX COURT

BERNARD BOOZER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5242-97.                    Filed December 23, 1998.

Bernard Boozer, pro se.

Carol E. Schultze, for respondent.

MEMORANDUM OPINION

PAJAK, Special Trial Judge:  This case was heard pursuant to
section 7443A(b)(3) and Rules 180, 181, and 182.  All section
references are to the Internal Revenue Code in effect for the
year in issue.  All Rule references are to the Tax Court Rules of
Practice and Procedure.  Respondent determined a deficiency in

petitioner's 1991 Federal income tax in the amount of $5,619 and an addition to tax under section 6651(a)(1) in the amount of $881.

After concessions, the remaining stipulated issues for decision are: (1) Whether the Tax Court has jurisdiction to determine whether petitioner's 1991 tax deficiency was discharged in bankruptcy, (2) if we do have jurisdiction to decide the dischargeability issue, whether the bankruptcy proceeding discharged petitioner's 1991 Federal income tax deficiency, (3) whether petitioner is entitled to a bad debt deduction in the amount of $2,626, and (4) whether petitioner is entitled to a deduction for rent in the amount of $4,800.  The parties did not favor us with a complete copy of the underlying adjustments.  The issues set forth above are from the Stipulation of Agreed Issues.

Some of the facts have been stipulated and are so found. Petitioner resided in Central Square, New York, at the time his petition was filed.

During the taxable year at issue, petitioner was employed as a professor by the State University of New York at Oswego (S.U.N.Y. Oswego).  Petitioner taught classes 2 days a week.

Prior to 1991, petitioner and his family lived in Central Square, New York.  Central Square is located near S.U.N.Y. Oswego.

Apparently prior to 1991, petitioner moved to Delhi, New York, approximately 250 miles from Central Square. During 1991, petitioner, his wife, and his daughter resided in a rental house in Delhi. Sometime in 1991, petitioner's wife obtained employment in Delhi. Petitioner stayed in Delhi 5 days a week and worked in his businesses. He taught in Oswego, New York, 2 days a week.

On Schedules C, petitioner reported total losses of $18,710.62 from the following businesses: Cobra Productions, a video tape production/distribution business; Paradise Therapy (Paradise), a mental health therapy business; Dr. Bernard Boozer (Boozer), a management consultant business; and Charley's, a restaurant. On his Schedule C for Paradise, petitioner, inter alia, claimed a deduction for bad debts from sales or services in the amount of $2,625.90. On his Schedule C for Boozer, petitioner, inter alia, claimed a deduction for rent or lease of other business property in the amount of $4,800.

On or about April 15, 1992, petitioner requested, and was granted, an extension of time to file his 1991 return by August 15, 1992. On May 24, 1993, respondent mailed to petitioner a Request For Your Tax Return for tax period ending December 31, 1991, because respondent's records showed that petitioner had not filed a tax return, Form 1040, U.S. Individual Income Tax Return for 1991. On April 18, 1994, petitioner filed his 1991 return.

On February 14, 1995, petitioner filed a petition to commence a bankruptcy proceeding under chapter 7 of the Bankruptcy Code, 11 U.S.C. (1994).  The petition was filed in the U.S. Bankruptcy Court for the District of Maryland.

On May 26, 1995, a discharge order was entered in the bankruptcy proceeding which provided, in pertinent part, as follows:

1.  The above-named debtor is released from all dischargeable debts.

2.  Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

    (a)  debts dischargeable under 11 U.S.C. Sec. 523;

    (b)  unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4), (6), and (15) of 11 U.S.C. Sec. 523(a);

    (c)  debts determined by this court to be discharged.

3.  All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process or engaging in any act to collect such debts as personal liabilities of the above-named debtor.

The record does not disclose whether respondent filed a proof of claim in the bankruptcy proceeding or whether the parties made an attempt to litigate the merits or

dischargeability of the tax deficiency in the bankruptcy proceeding.

On December 19, 1996, respondent mailed a statutory notice of deficiency to petitioner for his 1991 taxable year. The deficiency apparently resulted from disallowances of certain claimed deductions related to petitioner's businesses. On March 11, 1997, petitioner timely filed a petition to this Court.

The Tax Court is a court of limited jurisdiction, and its powers may not exceed those conferred by statute. Sec. 7442; Magazine v. Commissioner, 89 T.C. 321, 326 (1987); Burns, Stix Friedman & Co. v. Commissioner, 57 T.C. 392, 396 (1971). This Court lacks the requisite subject matter jurisdiction to decide whether a taxpayer's deficiency was discharged in a bankruptcy proceeding. Neilson v. Commissioner, 94 T.C. 1, 9 (1990).

As a general rule, this Court's jurisdiction to consider tax matters depends on a notice of deficiency and a timely filed petition. Secs. 6212 and 6213; Rule 13; Neilson v. Commissioner, supra. The redetermination of an income tax deficiency has "nothing to do with collection of the tax nor any similarity to an action for collection of a debt, nor does it involve any other rights and remedies of the sort traditionally enforced in an action at law." Swanson v. Commissioner, 65 T.C. 1180, 1184 (1976). Accordingly, although we lack jurisdiction to determine whether petitioner's deficiency had been discharged in

bankruptcy, we have the requisite jurisdiction to redetermine the merits of that deficiency.

Section 166(a) generally allows a deduction for any bona fide debt that becomes worthless during the taxable year. Bad debts may be characterized as either business bad debts or nonbusiness bad debts. Sec. 166(d). Worthless debts arising from unpaid fees shall not be allowed as a deduction under section 166 unless the income such item represents has been included in the return of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year. Gertz v. Commissioner, 64 T.C. 598, 600 (1975); O'Meara v. Commissioner, 8 T.C. 622, 633 (1947); sec. 1.166-1(e), Income Tax Regs.

The parties stipulated that the amount at issue with respect to the bad debt deduction is $2,626. This was the rounded off amount of the bad debt claimed on petitioner's Schedule C for Paradise. At trial, petitioner stated that he believed "the correct figure should be the amount of the services provided, which is, in fact, $5,000." We hold the parties to their stipulation, and use the stipulated amount of $2,626 with respect to this issue. This amount purportedly represents a fee for services petitioner rendered to a client. Petitioner contends that he included the $2,626 in income in a prior year but he was

never paid his fee. Thus, petitioner contends that he is entitled to a bad debt deduction for this amount. We disagree.

On this record, there is no evidence whatsoever to support a finding that petitioner included in gross income the $2,626 in unpaid fee in either 1991, the year for which the deduction as a bad debt was claimed, or for a prior taxable year. Thus, because we find that petitioner did not include the $2,626 in income, petitioner is not entitled to a bad debt deduction under section 166. Gertz v. Commissioner, supra.

Finally, we must decide whether petitioner is entitled to a deduction for rental payments for petitioner's house in Delhi in the amount of $4,800. Although petitioner claimed the rental payments on his Schedule C for Boozer, petitioner's management consultant business, petitioner contends that the rental payments were related to his mental health therapy business. Petitioner never explained why he failed to claim the rental payments on his Schedule C for Paradise, his mental health therapy business.

Section 162 allows a deduction for ordinary and necessary traveling expenses (including amounts expended for meals and lodging) incurred by a taxpayer while away from home in the pursuit of a trade or business. This provision is an exception to the general rule under section 262 which states that personal, living, or family expenses are not deductible. Under section 162, a taxpayer must satisfy all of the following conditions:

(1) The expense must have been ordinary and necessary, (2) the expense must have been incurred while petitioner was "away from home", and (3) petitioner must have incurred the expense in the pursuit of his business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946).

The Court of Appeals for the Second Circuit, to which an appeal in this case would lie, has defined "home" for purposes of section 162(a)(2) to mean the taxpayer's permanent abode or residence rather than his business headquarters. Six v. United States, 450 F.2d 66, 69 (2d Cir. 1971); Rosenspan v. United States, 438 F.2d 905 (2d Cir. 1971).

Petitioner contends that he is entitled to a deduction for the rental payments for his Delhi house, which he claims is temporary, and in which petitioner, his wife, and their daughter resided.

After a review of the record, we conclude that petitioner is not entitled to a deduction for rental payments because petitioner did not incur such expense while away from home. Petitioner, his wife, and his daughter resided in Delhi throughout 1991. Petitioner testified that although he still owned the house in Central Square, neither he nor his family resided there during any part of 1991 and that his home was in Delhi. In fact, petitioner stated that when he taught classes at S.U.N.Y. Oswego, he did not stay at the house in Central Square.

Instead, petitioner stated that he "stayed at a friend's place". Further, petitioner stated that the house in Central Square was unoccupied and "was just sitting there in 1991." Thus, we conclude that petitioner's house in Delhi where he and his family resided was his residence as defined by the Court of Appeals for the Second Circuit.

Therefore, petitioner was not "away from home" for purposes of section 162. Accordingly, respondent is sustained on this issue.

Decision will be entered

under Rule 155.