T.C. Summary Opinion 2003-150


UNITED STATES TAX COURT


DAVID G. LAGRAFF AND CYNTHIA L. LAGRAFF, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8540-02S.                Filed October 14, 2003.


David G. LaGraff and Cynthia L. LaGraff, pro sese.

Cameron M. McKesson, for respondent.


GOLDBERG, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $1,716 for the taxable year 1999.

After concessions by petitioners, the sole issue remaining for decision is whether petitioners are entitled to a bad debt deduction.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Madera, California, on the date the petition was filed in this case.

From November 1998 through May 1999, petitioner husband (petitioner) worked as an independent contractor for Anderson Mortgage Group, Inc. (Anderson), as a loan officer. In this capacity, petitioner earned commissions for real estate mortgage loans which he procured, funded, and closed. Petitioner's contract with Anderson provided that either party had the right to terminate the contract for any reason by providing the other party with 24 hours' written notice. The contract further provided that upon termination "any loans procured but not funded or closed will become the property of Anderson Mortgage and no compensation will be due" petitioner. In May 1999, Anderson terminated the contract after giving petitioner the required 24 hours' notice. In July 1999, an attorney retained by petitioner wrote Anderson, stating that petitioner was "due approximately

$15,000.00 in commissions for loans that he worked on before his termination and which have in fact been funded and closed since his termination." Petitioner's counsel cited as authority for this position a contractual covenant implied under California law.

Petitioners filed a joint Federal income tax return for taxable year 1999. With this return, they filed a Schedule C, Profit or Loss From Business, for petitioner's business as a loan officer. On this schedule, they reported an expense of $15,000 from "bad debts from sales or services". This amount represents the commissions which petitioners assert that Anderson owes petitioner. Petitioners, as cash-basis taxpayers, had never reported as income any portion of the $15,000 of purported commissions due petitioner. In the notice of deficiency, respondent disallowed in full the bad debt deduction.

A deduction generally is allowed for debts, other than nonbusiness debts, which become worthless during the taxable year. Sec. 166(a)(1), (d)(1). However, a taxpayer is not entitled to a bad debt deduction for the value of unpaid wages or other items of income which have never been reported as income. Gertz v. Commissioner, 64 T.C. 598 (1975). The regulations under section 166 provide in relevant part:

> Worthless debts arising from unpaid wages, salaries, fees, rents, and similar items of taxable income shall not be allowed as a deduction under section 166 unless the income such items represent has been included in the return

of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year.

Sec. 1.166-1(e), Income Tax Regs.

The amount of the alleged bad debt in this case represents commissions which petitioner asserts he was owed for services rendered as an independent contractor, but which were never paid to him.  Assuming arguendo that a bona fide debt existed, petitioners nevertheless are not entitled to a bad debt deduction because the commissions are items of income, sec. 61(a), which were never included in petitioners' income, sec. 1.166-1(e), Income Tax Regs.  We therefore need not reach respondent's alternative argument that there was no bona fide debt with respect to the unpaid commissions.  Gertz v. Commissioner, supra.

At trial, petitioner stated that he did not report the $15,000 in commissions as income "since I never received it, * * * although I have offered to declare it if necessary * * * if that would fix the problem."  We note that, if petitioners had reported the $15,000 as income on the Schedule C in 1999 along with the claimed $15,000 deduction, the two items would have offset each other, and the result would have been the same as the result under our opinion in this case.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.