T.C. Memo. 1999-113


UNITED STATES TAX COURT


CLAIR AND JUDITH WORTHINGTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 22005-97.                    Filed April 5, 1999.


Clair and Judith Worthington, pro sese.

<u>Brian Bernhardt</u>, for respondent.


MEMORANDUM OPINION

WOLFE, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.  All section references are to the Internal Revenue Code in
effect for the tax years in issue, unless otherwise indicated.

All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' 1994 and 1995 Federal income taxes in the amounts of $990 and $473, respectively, and accuracy-related penalties under section 6662(a) for the years 1994 and 1995 in the amounts of $198 and $110, respectively.

After concession by both parties,[1] the issues for decision are:  (1) Whether petitioners are entitled to claimed bad debt deductions under section 166 for 1994 and 1995; (2) whether petitioners failed to include interest income in their 1994 Federal income tax return; and (3) whether petitioners are liable for the accuracy-related penalties under section 6662.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioners resided in Baldwin, Michigan, when the petition in this case was filed. All references to petitioner are to Clair Worthington.

---

[1]  Respondent conceded:  (1) Petitioners are entitled to a legal and professional expense deduction for the year 1994 in the amount of $4,500; (2) petitioners did not receive taxable refund income in the year 1995 in the amount of $828; (3) petitioners are entitled to a tax preparation expense deduction for the year 1994 in the amount of $180, with $90 being allocated to Schedule A and $90 being allocated to Schedule C.  Petitioners conceded that they are not entitled to the entire claimed legal and professional expense deduction of $6,080 for the year 1995 but are only entitled to such a deduction for that year in the amount of $2,080.

During the years in issue, petitioner operated a heating and plumbing service. On their 1994 and 1995 Federal income tax returns, petitioners claimed business bad debt deductions in the amounts of $1,342 and $2,850, respectively. In the notice of deficiency, respondent determined that petitioners are not entitled to the bad debt deductions because the revenue corresponding to such claimed deductions never was included in petitioners' income.

Petitioners received interest income from First Union National Bank of Florida in 1994 in the amount of $794. In the notice of deficiency, respondent determined that petitioners had not included this income on their 1994 Federal income tax return.

Petitioners contend that both the interest income and the income that the bad debt deductions represent were included in the amount set forth on the gross receipts line of the Schedules C attached to their 1994 and 1995 Federal income tax returns. Petitioners' 1994 and 1995 Federal income tax returns were prepared by a tax preparation firm that used worksheets to prepare those tax returns. Petitioners destroyed these worksheets after their 1994 and 1995 Federal income tax returns were filed.

Section 166(a) provides that there shall be allowed as a deduction any debt which becomes worthless within the taxable year. However, worthless debts arising from unpaid wages, salaries, fees, rents, and similar items of taxable income are

not allowed as a deduction unless the income such items represent has been included in the return of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year. See Gertz v. Commissioner, 64 T.C. 598 (1975); Garrison v. Commissioner, T.C. Memo. 1994-200, affd. without published opinion 67 F.3d 299 (6th Cir. 1995); sec. 1.166-1(e), Income Tax Regs.

At trial, petitioners submitted various stopped checks and work orders and claimed that these items substantiate their claimed bad debt deductions. Contrary to petitioners' assertions, these documents do not demonstrate that the income which gave rise to these items was in fact included in their gross income. Although petitioner was a well-spoken witness, he has not furnished any documentation that would corroborate his position. In the present case, we cannot rely upon petitioner's self-serving, uncorroborated testimony. See Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). The tax law requires taxpayers to substantiate amounts claimed as deductions by maintaining the records necessary to establish such entitlement. See Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs. During the trial, petitioner admitted that he destroyed the worksheets that he claims might have substantiated his position. Moreover, petitioners have not submitted evidence that

indicates that they tried to reconstruct the information contained in these worksheets.  Accordingly, we find that petitioners are not entitled to the bad debt deductions claimed on their 1994 and 1995 Federal income tax returns.

Petitioners also have not furnished any documentation that substantiates their claim that they included the interest income from First Union National Bank of Florida on their 1994 Federal income tax return.  Accordingly, we find for respondent on this issue.

Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations.  See sec. 6662(b)(1). Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.  See Neely v. Commissioner, 85 T.C. 934, 947 (1985).  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  In general, taxpayers are required to "keep such permanent books of account or records, including inventories, as are sufficient to establish the amount of gross income, deductions, credits, or other matters required to be shown by such person in any return of such tax or information."  Sec. 1.6001-1(a), Income Tax Regs.

Taxpayers are required to keep such books or records "at all times available for inspection by authorized internal revenue officers or employees, and [these records] shall be retained so long as the contents thereof may become material in the administration of any internal revenue law." Sec. 1.6001-1(e), Income Tax Regs. When they destroyed the worksheets used in the preparation of their income tax returns, and failed otherwise to maintain adequate books and records, petitioners did not exercise due care and failed to do what a reasonable and ordinarily prudent person would do. Accordingly, we hold that petitioners were negligent with respect to the entire underpayment for each of the years 1994 and 1995 and, therefore, are liable for the accuracy-related penalties under section 6662(a).

To reflect the foregoing concessions,

Decision will be entered under Rule 155.